The words charged are not actionable per se. To make them such it is not enough that the charge thereby imputed was one involving turpitude in a moral sense, but it must constitute an indictable offence, upon conviction of which punishment may be inflicted. (Young v. Miller, 3 Hill, 21; Crawford v.Wilson, 4 Barb., 504.) The charge in the present case, if true, would not subject the plaintiff to an indictment for any criminal offence. In this I exclude any idea that an indecent public exposure of the person was included in the charge made by the defendant. There was no evidence tending to show this.
The only question is, whether the special damage alleged and proved was sufficient to maintain the action. The case shows that the plaintiff was a minor, about eighteen years old, residing with her father, by whom she was provided for and maintained; that prior to his having heard of the charge made against the plaintiff by the defendant, he had promised to give her a course of music lessons upon a piano and a silk dress, both of which he refused to do after hearing that the defendant had made the charge, until it was cleared up. He testified that he wholly disbelieved in its truth. Damage, to sustain the action, must be the natural and immediate consequence of speaking the words. (Terwilliger v. Wands, 17 N.Y., 57.) A father is bound by law to support and educate his minor child. The mode and state of the maintenance furnished, and the kind and extent of education given, is necessarily largely left to his discretion. This case it will be seen does not present the question whether a malicious slanderer of the child, who imposes upon the parent a false belief that it is guilty of vicious conduct, and thereby influences the exercise of this discretion less favorable to the child than the parent otherwise would have done, is liable to an action — in other words, whether, by such means, so influencing paternal discretion constitutes special damage to the child. In this case the father testified, in substance, that he believed the charge entirely false and groundless. It is obvious that so far from being natural, it would be highly *Page 265 
unnatural for a parent to withhold any favor or kindness from his child on account of a falsehood reported about it. On the contrary, the tendency would naturally and legitimately be to induce more kindness and greater indulgence. Indeed, I do not think special damage can be predicated upon the act of any one who wholly disbelieves the truth of the story. It is inducing acts injurious to the plaintiff, caused by a belief of the truth of the charge made by the defendant, that constitutes the damage which the law redresses.
I have reluctantly come to the conclusion, in the present case, that the damage alleged and proved was not such as to maintain the action, for the reason that the charge preferred was against a young female, and of a nature greatly to distress her and very much annoy her friends, and one made up by the defendant, without any foundation whatever in truth, as I think any one must be satisfied, from the testimony of the witness to whom the defendant first told the story. The defendant deserves punishment, but the action of slander will not afford a remedy.
The judgment appealed from must be affirmed.
All concur; MILLER, J., not sitting.
Judgment affirmed.