EDWARD C. QUIGG, Appellant, v. L. NEUGASS & Co., INC., Respondent.— In an action based on alleged fraud, in an employment contract, judgment dismissing the complaint unanimously affirmed, with costs. (See *Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259.) Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

HARRY RECKLER, Respondent, v. JAMES C. QUINN, Chairman, CHARLES G. BOND and Others, Individually and as Members of the New York City Alcoholic Beverage Control Board, and HENRY E. BRUCKMAN, Chairman, JOSEPH M. RYAN and Others, Individually and as Members of the State Liquor Authority, Appellants.— The petitioner filed an application for a liquor license with the New York city alcoholic beverage control board which the latter declined to accept, acting under the authority of a rule made by the State Liquor Authority. This proceeding was brought under the provisions of article 78 of the Civil Practice Act, as added by Laws of 1937, chapter 526, in effect September 1, 1937, to obtain relief in the nature of mandamus to compel the local board to accept the application. The right of the petitioner for the relief asked is definitely settled. (*Fulton Restaurant, Inc.*, v. *Quinn*, 253 App. Div. 740; *Matter of Wilson* v. *Quinn*, Id. 403; affd., 277 N. Y. 720.) Order unanimously affirmed, with ten dollars costs and disbursements. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

ANNA SCHRANK and EMANUEL SCHRANK, Appellants, v. NEW YORK HOTEL STATLER Co., INC., Respondent.— Action by plaintiffs, here appellants, to recover of defendant, here respondent, damages (1) for personal injuries and (2) for loss of wife's services. The plaintiffs moved for an order vacating the prior order which precluded plaintiffs from offering evidence on the trial. The motion was denied. An order was entered accordingly. Plaintiffs appealed from that order but at the same time noticed a motion for a reargument and reconsideration of the original motion upon additional facts. The motion for reargument and reconsideration was granted and upon such reconsideration the original motion was again denied by an order entered, from which no appeal has been taken. Appeal dismissed, without costs. The plaintiffs waived the right to appeal from the first order by thus renewing the motion upon additional facts. (*Harris* v. *Brown*, 93 N. Y. 390, 391.) Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.

T. DARRINGTON SEMPLE, as Administrator, with the Will Annexed, de Bonis Non, of the Estate of ISOBEL K. COOPER, Deceased, Respondent, v. COUNTY TRUST COMPANY, Appellant.— Order denying motion to strike matter from the complaint, or, in the alternative, to make the complaint more definite and certain, reversed on the law, without costs, and motion granted to the extent of requiring the plaintiff to make the complaint more definite and certain with respect to paragraphs " nineteenth " and " twenty-fifth " by pleading ultimate facts indicating the manner in which it will be claimed that Teed obtained possession of the checks, Teed's lack of authority in connection therewith, and the notice or knowledge of the bank of that lack of authority, or such circumstances as should have caused the defendant to make an investigation. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.