ELIZABETH W. TUTTLE, Respondent, v. DONALD STEWART TUTTLE, Appellant.—On appeal from so much of a resettled order granting leave to serve an amended answer as provides, as a condition precedent, for the payment of the sum of $350 as and for additional counsel fee, order modified by striking therefrom the balance of the ordering paragraphs after the words, " It is ordered that the said motion be and the same hereby is granted," and continuing in lieu thereof by providing, " It is further ordered that the defendant is hereby granted leave to serve upon plaintiff's counsel within twenty days from the date of the service of a copy of this order with notice of entry thereof, an amended answer identical with the proposed amended answer annexed to the moving papers, and it is further ordered that the plaintiff shall have twenty days after the service of such amended answer to serve her reply thereto," and as so modified affirmed, without costs. The amended answer may be served within ten days from the entry of the order hereon. On appeal from an order making an allowance of $150 to defray counsel fee and disbursements to be incurred by the plaintiff in connection with opposing defendant's appeal, order reversed on the law, without costs, and motion denied, without costs. In view of the plaintiff's failure to show prejudice occasioned by reason of delay, the motion for leave to amend should have been granted without imposition of costs. In any event, the payment of additional counsel fee should not have been imposed as a condition precedent. If the plaintiff be advised that a further counsel fee is necessary, an independent application therefor should be made. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

FREDA THOMAS WEITZER, Appellant, v. PHILIP WEITZER, Respondent.— Appeal from order denying motion for modification of a final judgment of divorce so as to provide alimony for plaintiff dismissed, without costs. Subsequent to the making of that order, a motion for a reargument was made and granted, but the court adhered to its original determination. The appeal from the original order, therefore, was a nullity. (*Schrank* v. *New York Hotel Statler Co., Inc.*, 254 App. Div. 710.) Whether or not the denial of the motion constituted an abuse of discretion in the absence of the determination of the facts as to the circumstances attending the making of the agreement between the parties and their financial condition may be determined by this court on appeal in the event that a motion for reargument of the motion to reargue be made and reargument itself be granted. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.