ESTHER DOMB, Petitioner, *v.* DANIEL DOMB, Respondent.

Domestic Relations Court of City of New York, Family Court, New York County, May 16, 1941.

*Einstein & Einstein*, for the petitioner.

*George A. Turley* [*Charles Caches* of counsel], for the respondent.

PANKEN, J. The matter came on before the court on an application made by the petitioner for a hearing as to the ability of the respondent to contribute to her support. That application, the respondent resists.

The record discloses that on the 30th of January, 1939, Mr. Justice O'BRIEN of this court suspended the order then in force. Thereafter, an appeal was taken by the petitioner from the order made by the said justice. That appeal has not been prosecuted to a conclusion.

It is the contention of the respondent that until there is a final determination of the appeal taken from the decision made by Mr. Justice O'BRIEN, this court is stayed from further action.

There is no doubt that " a rule of law once laid down by the court of last resort remains the rule throughout the subsequent history of the cause in all its stages except under extraordinary circumstances." (6 Carmody's New York Practice [2d ed.], p. 389, § 453.) When the law is made in a case, it continues to be the law of the case until otherwise decided by an appellate court.

There is no rule of law laid down in this matter by a court of last resort and were such a rule laid down, extraordinary circumstances would permit this court to inquire into the merits of the proceeding pending before it.

It has been held in the case of *Schrank* v. *New York Hotel Statler Co., Inc.* (254 App. Div. 710), that, quoting the court: " The motion for reargument and reconsideration was granted and upon such reconsideration the original motion was again denied by an order entered, from which no appeal has been taken. * * * The plaintiffs waived the right to appeal from the first order by thus renewing the motion upon additional facts."

It would appear that when an application is made in a proceeding in which an appeal is pending, it is tantamount to an abandonment of the appeal; and that the courts will not countenance the prosecution of the appeal to a conclusion.

Proceedings in the Domestic Relations Court of the City of New York, because of their character, are never finally determined unless such proceedings are dismissed. A case may be reserved generally; and an order may be suspended by the court upon an application or upon proper facts shown. That, however, does not deprive the parties to a litigation from moving therein. Action in proceedings in the Domestic Relations. Court by petitioners or respondents may be initiated as changed circumstances compel. An order made by this court may be impossible of compliance at a later date. An order made by this court may be inadequate to provide for a dependent because of a change in circumstances; or an order may be increased by this court because of change in circumstances in which the respondent finds himself.

It is quite conceivable that an order may be made for the support of dependents which is not adequate because of the inability of the

person chargeable to meet an adequate order. The ability of the respondent, as well as the need of a dependent, may govern the amount of the order. A respondent may, subsequent to an order made by this court, become possessed of larger means, or large means, and it would be manifestly unfair to continue the order based upon ability which was not adequate in the first instance.

Thus, the Domestic Relations Court of the City of New York is required both by law and justice in equity to change, modify, suspend orders made by it as conditions change and the needs and possibilities permit.

The court has the power to hear this case. It is ordered that the clerk place the case upon the calendar for a hearing.