'' RITA DENNER '', Petitioner, *v.* '' EDGAR DENNER '', Respondent.*

Domestic Relations Court of the City of New York, Family Court, Queens County, March 7, 1947.

---

* Names used herein are fictitious for the purposes of publication.

*Leiman & Trace* for petitioner.

*Jacob H. Schwartz* for respondent.

PANKEN, J.  Considerable testimony has been taken in this proceeding before my learned colleague, McCLANCY, J.  Indeed, almost one hundred pages of typed record have been submitted to me in support of the application made before me on or about the 3d of February, 1947, which application is for an increase in the allowance provided for the support of the petitioner under an order made by Mr. Justice McCLANCY on or about the 20th of August, 1946.

It should be noted that the testimony heretofore referred to was submitted to Mr. Justice McCLANCY on or about the 6th of February, 1946.  The order entered by the Justice on August 20, 1946, insofar as the records show is not based upon the testimony adduced in the course of the hearing had on the petition herein.

The order requires the respondent to contribute the sum of $20.31 weekly for the support of petitioner beginning the 22d of August, 1946, and rests upon an agreement entered into between the parties herein, which agreement was acknowledged on the same day the order was entered.

It is evident from the records submitted to me that the order heretofore adverted to has been complied with by the respondent in all respects. There are no arrears.

Prior to the entry of the order made by Mr. Justice McClancy on the 20th of August, 1946, an order was made by the same Justice on or about the 22d of March, 1946, which reads, "As Petitioner is collecting $36 per month from tenant, Respondent ordered to pay $12 per week commencing March 22, 1946. Notify parties." On the 17th of May, 1946, the same Justice denied an application of respondent's attorney and continued the order, evidently referring to the order entered by him on or about the 22d of March, 1946.

The parties to a litigation in the Domestic Relations Court of the City of New York may by stipulation or agreement modify an order after submission of testimony and entered by the court. The very nature of the proceedings in the Domestic Relations Court precludes finality of any order entered by the court. Circumstances are apt to change. A respondent may not be able to comply with the order entered against him by reason of reduced income or a respondent may by an enhancement of income be in position to contribute more adequately to the support of dependents. It is axiomatic that orders in this court are made not only upon the basis of the need of a dependent, but also on the ability of the one chargeable in law with the support of the dependent.

Subdivision (1) of section 92 of the New York City Domestic Relations Court Act (L. 1933, ch. 482) reads: " To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties." (See *Domb* v. *Domb,* 176 Misc. 409.) The provision of subdivision (1) of section 92 does not mean that a wife who has abandoned her husband constructively or actually, is entitled to support by him according to his means, despite the phrase, " whether either is likely to become a public charge ". To accord a petitioner support in excess of her need if she is likely to become a public charge when the husband is not chargeable with her support according to his means by reason of her misconduct or abandonment of her husband would be tantamount to rewarding the petitioner for violation of her marital obligations without cause, or for misconduct, if any is shown. That is not the intent of the law nor does the law so provide.

The facts in the case herein disclose that some time after the order entered upon the agreement was made, property jointly owned was disposed of and the proceeds equally divided between them. While the amount was not great, it was considerable, some $3,500 to each of them.

A consideration of the facts in this case leads to no conclusion other than that when the agreement was entered into on the 20th of August, 1946, consideration was given to the fact that there was an order at that time requiring the respondent to contribute $12 weekly towards the support of his spouse. That at the time the order was made she was receiving the sum of $36 monthly rental for an apartment in the building jointly owned and which $36 monthly as ordered by Mr. Justice McClancy was additional to the provision made by him in his order. When the agreement was entered into between the parties the sum of $20.31 was fixed since the property jointly owned was to be sold and she was to receive a sum equal to the amount represented by the rental theretofore collected by her. Thus the order on the agreement reflects the order made by a Justice of this court on the 22d of March, 1946.

The question presented for my determination is whether by reason of a change in circumstances the agreement entered into between the parties and the order entered thereon may be modified by the court.

Agreements entered into between adults presumably cognizant of the effect of such agreement will not in ordinary circumstances be disturbed by the court.

Where a wife is abandoned by her spouse she is entitled to support according to his means, but when the parties agree between themselves after an abandonment or before a separation from bed and board occurs as to the provision to be made by the husband for the support of the wife, such agreement is binding upon the parties. The court should give it force and effect. Particularly is that so when an order is entered thereon presumably after due consideration by the court as to the equities involved. No doubt the Justice approving the agreement and entering the order thereon has had all of the facts before him; facts encompassed in a record or more than ninety-two typewritten pages.

A husband may not relieve himself of the obligation to support his wife even though an agreement was entered into between them if she is or is likely to become a public charge. A wife may become a public charge insofar as medical care is con-

cerned. The husband despite any agreement between the parties would under such circumstances be liable for her care and treatment.

Subdivision 5 of section 137 of the Domestic Relations Court Act does not apply in this case. That subdivision reads: " A separation agreement shall in no way preclude the filing of a petition for the support of a child or the making of an order for its support by the family court, or for the support of a wife who is likely to become a public charge." The agreement herein referred to above is not in effect a separation agreement. It is an agreement admitting liability for the support of the petitioner and an agreement to pay a weekly sum for her support. While orders of this court have no finality, an order entered upon an agreement between the parties, however, should be regarded as the voluntary arrangement of the parties and be given effect, except in circumstances which show that the amount reserved in the agreement is not sufficient to keep the community harmless, to wit, to be required to supplement the amount reserved in the order to meet the needs of the dependent.

Where the agreement entered between the parties fixing the amount to be provided by the husband for the support of the spouse is based upon the husband's financial ability at that time, and if at some subsequent time his financial ability to make provision had become greater and he is in a position to make more adequate provision, the court may in such circumstances go behind the agreement and the order entered thereon, and upon proof of greater financial ability, increase the amount reserved. Conversely, when a respondent by reason of a change of circumstances is unable to meet an order entered upon his own agreement, the court in the exercise of sound discretion and in response to law and justice, may modify the order downward or even suspend same during the period of economic stress from which the respondent may suffer. That which cannot be done, the law will not require to be done. That, however, which can be met by one chargeable with a legal obligation, the law will require him to so do.

The application for increase in the order for the support of the petitioner is denied without prejudice to her to renew her application upon due notice to the respondent, supported by affidavits setting forth the facts upon which such application rests.

Settle order on notice.