"MILDRED S. EARLE", as Mother of "ROBERT EARLE" and Another, Petitioner, v. "HARRIS S. EARLE", Respondent.

Domestic Relations Court of the City of New York, Family Court, New York County, April 26, 1954.

*Meyer & Newborg* for petitioner.

*Rosenblum & Hein* for respondent.

PANKEN, J. Subdivision 5 of section 137 of the Domestic Relations Court Act provides, " A separation agreement shall in no way preclude the filing of a petition for support of a child or the making of an order for its support by the family court ".

The parties herein have entered into an agreement dated March 1, 1949, under which said agreement provision is made for the support of the two children for whom adequate support is sought in this proceeding.

Since the execution of the agreement heretofore referred to, the mother of the two children with whom we are concerned, obtained a decree of divorce from the respondent here in the second Judicial District Court of the State of Nevada in and for the County of Washoe, which was filed in said court on April 18, 1949. The decree of divorce provides as follows: " It is further entered, adjudged and decreed that the terms of that certain agreement entered into between the parties under date of March 1, 1949 (a full, true and correct copy of which was introduced in evidence upon the trial and marked Plaintiff's ' Exhibit A '), settling all property rights and other rights and all liabilities and obligations arising out of, or because of said marital relationship, and the custody, support, maintenance and education of said minor children of the parties hereto."

The fact that the agreement was substantially made part of the divorce decree does not vitiate the provisions of subdivision 5 of section 137 of the Domestic Relations Court Act. The

action in the State of Nevada was between the mother and father of the children. The children were not made parties to that proceeding. These children, as other children, have rights of which they may not be deprived without due process of law. It is axiomatic that children are entitled to support from their parents or grandparents according to the means of such parents or grandparents. Fixing the support of children without their being before the court, as they might well be by guardians which the court might appoint, would amount to a deprivation of the children's rights without due process of law.

Both parents and their children are resident in the State of New York. The law obtaining in this State governs the rights of the children in this proceeding concerned. Disregarding the provisions affecting the children under the agreement between their parents and included in the decree of divorce issued out of a court of competent jurisdiction of the State of Nevada does no violence to the Constitution of the United States which requires our courts to give full faith and credit to orders and mandates of courts of sister States. Since the children had not been made parties in the proceeding resulting in the divorce decree in evidence, any order affecting them is in violation of the due process provision in the Constitution. It follows therefore that an order made in this court for their support and maintenance at variance with the provision made in the divorce decree does not violate the full faith and credit clause of the Constitution.

The petition herein is made by the mother of the two children for adequate support for them. The testimony submitted intended to prove that the amount reserved in the divorce decree for the support of those children and the payments made as ordered by the respondent, their father, were not adequate to meet their needs. A person chargeable with the support of another may not be made to provide in excess of his ability to so do. The needs of children are controlling insofar as the amount contributed by either the father or the mother under certain conditions as to the amount to be ordered. A father may be in a position to contribute a sum much in excess of what children need. The court, however, will not require him to make a contribution in accordance with the amount he is able to if the children do not need as much as he can contribute. The needs of the children as well as the ability of the parent determine the amount that he is to contribute for support of his dependents. It is conceivable that a father may be in a position to contribute $1,000 a month for the support of a child a year old, but a child cannot

possibly consume that sum of money nor can it properly be expended for its care. The court in such circumstances will then fix the amount needed rather than the amount the father is able to contribute. A child may require a greater sum for its support than the person chargeable is in a position to meet. In *Domb* v. *Domb* (176 Misc. 409, 410-411), this court said, "It is quite conceivable that an order may be made for the support of dependents which is not adequate because of the inability of the person chargeable to meet an adequate order. The ability of the respondent, as well as the need of the dependent, may govern the amount of the order." What I said in *Domb* v. *Domb* (*supra*), is good law. Moreover, it is responsive to what justice commands. The needs of the children must be considered in the light of the respondent's ability to meet those needs — that, regardless of the provision either in the agreement, which is not binding upon this court, nor in the divorce decree issuing out of a court in the State of Nevada. This court in the case of *Mallina* v. *Mallina* (167 Misc. 343), has expressed fully what it regards to be the law; and in that case the court has ordered payment in excess of the amount reserved in the divorce decree issued out of a court of competent jurisdiction.

The two children involved are respectively thirteen and twelve years of age. One of the children is under treatment. It is asserted that this court has the power to make provision for medical care for this child *in futuro*. Under the Domestic Relations Court Act the court is required to provide for dependents against those chargeable with their support, not only daily necessaries, such as food, shelter and clothing, but also medical and dental care, and it should be said that while children are young and require supervision and guidance and exceptional care the court has the duty to make provision therefor. However, this court may not order payments for medical and dental care *in futuro*, since it is almost axiomatic that medical care *in futuro* is at best speculative. A child may be sick today and well within a week. A child may be well today and very ill within a week. That is also true in cases of illnesses manifesting itself in nervous disturbance, emotional upset. There are many causes which might affect the nervous state of a child and its emotional reactions. The causes may be removed and the reasons for nervousness and emotional upset no longer exist.

In the case of the boy here he has been receiving treatment from a duly qualified and able psychiatrist. Whether or not he will require continued psychiatric treatment or any therapy

is uncertain except as it appears from the opinion of the psychiatrist. Medical men and psychiatrists neither guarantee cure, as they cannot do so, nor can they by the same token, unless there is an organic situation, assess with any degree of certainty the duration of treatment to effect a cure. I hold therefore that no order would be justified in this proceeding for future treatment of the child in question. The father is chargeable with medical and psychiatric care of his children. The respondent is chargeable in an amount needful to compensate the psychiatrist for services rendered up to the day of the last hearing had before me.

The psychiatrist said, " In essence R. went along in this way under therapy until the present time. His sleep problems have quieted down somewhat. We recommended some changes at home which Mrs. Earle discussed about television time etc." It seems that the child's nervous condition was at least in part due to excessive " televisioning "' or view of television. The good doctor could not with any certainty testify as to the causes for the child's condition. The child's weight may be due to glandular disturbance by reason of a psychosomatic condition.

Out of his earnings respondent testified he contributes to the support of his ex-wife and the two children the sum of $75 weekly, $50 of which is for the support of the two children. On the testimony of the mother that sum is inadequate. There is testimony that one of the children is attending a private school. There is also testimony as to the amount the mother spent to clothe these children and entertain them, etc. They should have good clothes and they should have entertainment. Whether they are entitled to schooling in a private school is another question. There is no obligation on the part of a parent who is able to provide private schooling to so do. Indeed, in my judgment, private schooling is not always beneficial to a child. In our democracy and in our melting pot the best interests of children and the best interests of the community are best served by intimate relationship between children of different religions, different racial origin, than by separating them. Separation may lead to segregation and discriminatory attitudes in children. Integration is possible only by interrelationship.

The problem to be passed upon is, is the respondent now in a position to contribute more than what he contributed ere now. That depends upon his earnings as well as upon his financial status. A person may be financially able to support adequately his dependents, yet earning little or nothing at all. It is the ability

to contribute that determines the amount to be ordered. Gainful occupation is not the only determining factor. Financial ability decides. There has been some testimony in this case that the respondent is financially able to support his children more adequately than he now does. The evidence intended, however, is inconclusive. The fact that his present wife is gainfully employed and earns a considerable sum cannot be made the basis for an increase in the amount over what the respondent had contributed and is contributing. She is not chargeable with the support of the petitioner's children and she is not a party to this proceeding.

Is this court to make an order beyond the amount already adverted to, to meet the cost of treatment of the child by the psychiatrist up to the hearing had? I think not. Yet, so as to fix clearly the responsibility of the respondent for the support of his children at this time it may well be to repeat that respondent is chargeable with all medical and dental care necessary and so proven for his children. It is ordered that the respondent be required to contribute the sum of $50 weekly for the support of these two children and also to contribute the sum of $150 for five weeks' treatment of the child by the psychiatrist who testified before the court. The court concludes that the services of the psychiatrist were worth $150. The testimony of the doctor was not controverted. It is evidence of value of services. However, it is not to be concluded that this constitutes a finding as to the value of services that may be accorded the child by either this psychiatrist or some other therapist if necessary. Submit order.