Frederick Backer, J.
Both parties move to modify the filed report of the Special Referee and, as modified, to confirm accordingly. The requests to modify differ. The cross motions are hereby consolidated and disposed of as hereinafter stated.
In January of 1966, the defendant (wife) moved to modify the alimony and support provisions contained in a judgment of separation entered May 21, 1954, resettled on January 27, 1957. The increases she seeks are the following: (a) requiring plaintiff husband as of January 4,1966, to pay for the entire educational expenses of both their children; (b) to pay $50 weekly for the support and maintenance of each child; (c) to increase the support payments to defendant from $550 per month to $866 per month. Disposition of the motion was held in abeyance by this court, which referred the issues raised in the opposing papers to a Special Referee for hearing and report thereon together with his recommendations. The Special Referee has now filed his report. Plaintiff husband moves to disaffirm so much of the report as recommends that he be required to pay (a) for the educational expenses of the children beginning with payments due after January 4, 1966; (b) for the educational expenses Of each child in college until he or she attains the age of 21 years; (c) for orthodontia expenses of the daughter beginning with payments due after January 4, 1966. Defendant cross-moves objecting to plaintiff’s requests for modification and requests modification of the report to the extent requested by her. Defendant takes issue with the recommendations of the Special Referee with respect to his failure to recommend increasing the monetary support payments to her and the children.
After a considered study of the stenographic minutes of the hearings before the Special Referee, the papers on the original motion and on the instant cross motions, the court is of the ultimate conclusion that the Special Referee properly recommended no increase in defendant’s request for increased alimony or Support and maintenance payments, since he found no Sufficient change in circumstances to Warrant same. However, the Referee concludes and recommends that “ under the present conditions, high school and college educations have become a necessity rather than a luxury. The fact that the children are going to high school or college I find to be sufficient changes *576 of circumstances to warrant a modification of the judgment. ’ ’ Accordingly, he recommends that plaintiff husband should pay for the college education of the daughter, who just became 20 years of age and is in her senior year at college. He further recommends that the son, who is 18 years of age and will graduate high school this year, should be maintained in college until he is 21 years of age. The testimony before the Referee was extensive and the issues were vigorously contested by both parties. The Referee’s report manifests the extent of his diligent and considered application to the task involved. However, this court is of the ultimate conclusion that the record, as a matter of fact and law, does not support the finding that the plaintiff must pay for the college educations of his daughter and son. Without the consent of a father the law does not compel him to send his children to private boarding schools or to college. The duty to educate, like the duty to support, rests, in the absence of statute to the contrary, primarily upon the husband and secondarily upon the wife. However, the mode, kind and extent of a child’s education “ is necessarily largely left to his discretion ” (Anonymous v. Anonymous, 60 N. Y. 262, 264). In the instant case, plaintiff husband for over three years was neither consulted nor apprised by defendant of the nature of the schooling of the children, nor did he at any time consent to or acquiesce in the schools they attended or the expenses undertaken. Defendant personally earned a substantial salary and paid for the past three years for the private boarding-school expenses of the son, without plaintiff’s knowledge or consent or consultation in respect thereof. Decisional law holds that a father is not required to pay for his child’s private school tuition where the community makes available to children through the public school system the education which each child is entitled to as a matter of course (“Earle” v. “Earle”, 205 Misc. 738; Borden v. Borden, 130 N. Y. S. 2d 831; 16 N. Y. Jur., Domestic Relations, § 619; see, also, Present v. Present, N. Y. L. J., Aug. 5, 1966, p. 8, col. 6).
In the Present case (supra) an application involved a daughter who attained the age of 18 years, was not employed and was still attending school. The court held that the law imposes the obligation upon the father to support his child until the age of 21 years, unless the child is employed or is self-supporting. However, the court stated ‘ ‘ The father is not obligated, however, to provide a college education for his child. ’ ’
In Ziesel v. Ziesel, the Court of Errors and Appeals of New Jersey (93 N. J. Eq., 153) had before it the review of an order increasing the support payments of a child of the parties which *577 awarded a further sum of $980 annually for the education of a child at a preparatory school. The court there held that the award for the education of the child at a preparatory school was not sustainable so far as it represented expenses in excess of an education at a public high school. The court held (p. 157) ‘ ‘ a father is under no legal duty to send his son to a boarding ■school, no matter what his financial circumstances may be. True, many a father does it at a sacrifice to himself and other members of his family, but he does so voluntarily. That may be a commendable thing to do. * e * But, after all, if a father sees fit to content himself with a common public school with a high school education for his son, the law will ordinarily require no more of him.”
In the Borden v. Borden case (supra) the court held (p. 833) ‘ ‘ There is no provision in the law which would require a parent to pay a child’s school tuition where the community makes available to children through the public school system the education which each child is entitled to as a matter of course. * * * Parents have the right to provide their children with special schooling in special schools in what might be called segregated schools. Many private schools serve desirable purposes. Some are necessary. But the law does not require that to be furnished by parents to children.” Accordingly, the court there held it could not require the respondent husband to continue payment for the tuition fee for the child of the parties in a private school.
And in Halsted v. Halsted (228 App. Div. 298, 299) the following was stated: “Unlike the furnishing of a common school education to an infant, the furnishing of a classical or professional education by a parent to a child is not a ‘necessary,’ within the meaning of that term in law.”
In 16 N. Y. Jurisprudence (Domestic Relations, § 619, p. 176) the following is stated: ‘ ‘ Although the Family Court may order a father to provide for the education of his children, the court may not require him to provide them with a private school education even though he is able to do so, at least where the community makes available to children through the public school system the education which each child is entitled to as a matter of course. ’ ’
In Grishaver v. Grishaver (225 N. Y. S. 2d 924, 938-939) on a wife’s application to recover for expenditures made by her as necessaries, the court said: “It does not appear that expenditures relative to a college education can properly be considered necessaries for which reimbursement may be recovered (see, Cohen v. Cohen, 193 Misc. 106, 82 N. Y. S. 2d 513; Halsted v. Halsted, 228 App. Div. 298, 239 N. Y. S. 422) and, in any event, *578 the evidence here shows that the monies provided by the defendant were adequate for the son’s support and education. I find that the additional money provided by the plaintiff was not essential for the boy’s maintenance and support, but was the voluntary largesse of a devoted and generous mother, who sought to insure her son every comfort possible. However admirable her conduct, such allowances and expenditures are not within the purview of ‘ necessaries ’ for which she may be reimbursed ”. The courts in other jurisdictions have generally held that the providing of a college education for a child is a moral obligation only. (To like effect, see Hoisted v. Hoisted, supra.)
Other jurisdictions have refused to impose any legal duty upon a father to send his child to private schools, even if he has the means to do so, where the community provides public schools, and have generally held that the providing of a college education for a child is a moral obligation only and unless there is an express and enforcible agreement by a father, or circumstances warrant it, a court order, making the payment of such expenses a matter of compulsion, should not be granted (see Haag v. Haag, 240 Ind. 291; Ford v. Ford, 109 Ohio App. 495).
Upon the record, therefore, herein presented, 'there being no agreement by the plaintiff husband to pay for the college expenses of his son and daughter, our inquiry consequently is directed to whether the circumstances in the instant case are such as warrant a compulsory order against the plaintiff. The facts reveal that the wife worked and earned substantial wages. The husband during all the years following the judgment met his obligations thereunder. During the years 1960 to 1963 the children attended the Bronxville High School, which was a public high school. Thereafter, payments by the wife to a private boarding school for the son were made by her voluntarily and without consulting the husband in regard thereto. The record reveals, and the Referee has so found, that there are no sufficient changes in circumstances to warrant increasing defendant’s request for an allowance in her alimony as well as that for the support and maintenance of the children. Accordingly, as a matter of fact and law, that portion of the Referee’s report which recommends that plaintiff be required to pay for the educational expenses of the parties ’ son and daughter at college is disaffirmed and denied. However, since the plaintiff has considered the factor that his daughter is in her senior year at college, he has now consented to pay for his daughter’s college education for the current year or until she attains the age of 21 years.
*579 With respect to the direction to pay medical expenses in the future, the court may not order payments for medical and dental in futuro since “ it is almost axiomatic that medical in futuro is at best speculative. A child may be sick today and well within a week. A child may be ivell today and very ill within a week. ’ ’ The court in “ Earle ” v. “ Earle ” (205 Misc. 738, 741, supra) therefore held that no order would be justified for future treatment but that the father was chargeable for medical services rendered to date (see, also, 16 N. Y. Jur., Domestic Relations, § 619, p. 175). Accordingly, with the consent of the defendant, he will be directed to pay the sum of $400 due to date for the orthodontia expenses of the daughter. The Special Referee’s recommendations with respect to future expenses for orthodontia and medical expenses are disaffirmed.
The original motion which was held in abeyance pending the Referee’s report and the instant cross motions are disposed of and denied to the extent indicated herein. Plaintiff’s motion to disaffirm is granted to the extent indicated and to the extent consented to. Defendant’s cross motion to modify is denied to the extent requested. In view of the foregoing, no counsel fee is allowed herein.