In the Matter of JEAN KOTKIN, as Mother on Behalf of JON F. KERNER, Respondent, *v.* FREDERICK KERNER, Appellant.

First Department, March 21, 1968.

*S. Leonard Wall* of counsel (*Conner & Chopnick*, attorneys), for appellant.

*Charles Feit* for respondent.

CAPOZZOLI, J. The record indicates that the son of the parties was in his junior year at a private high school at the time of the hearing in the Family Court. He is now almost 18 years of age and in his senior year at that school. He received honors during his junior year by being admitted to the " physics — science " class. Out of a class of 124 students he was selected as one of 20 whose mathematics grades were high enough to warrant placing him in this special class. He has already taken his college entrance examinations. The young man has attended private schools since he was three years old. The part of the order appealed from would require appellant to pay 50% of his son's current tuition " but not to exceed $900 per year ". By its terms the order is to remain effective so long as the young man continues at the Fieldston School.

The dissenting opinion argues that there is no power in the Family Court to make the direction appealed from and, further, that, in any event, it was an improvident exercise of discretion to do so.

As to whether the court has the power, it seems that the answer is provided by section 416 of the Family Court Act which, amongst other things, makes provision for the court to include in a support order " the expense of educating a minor ". There is no quarrel with the rule that, generally speaking, the kind and extent of a child's education is largely

left to a father's selection. However, this is not the same as saying that under no circumstances can a Family Court ever make its own direction in the matter of education, lacking the father's approval. Certain conditions may be present when a Family Court, in the proper exercise of the power given to it under section 416, would be justified in doing so.

The case of *Matter of Matthews* v. *Matthews* (14 A D 2d 546) sets forth the rule which we deem applicable to this case. The court held therein that, whether a private out-of-town college education was necessary for the child of the parties "in the light of respondent's [father's] pecuniary ability, and whether her [mother's] present support allowance is sufficient to sustain the cost of such education, constitute questions of fact for the Children's Court [here the Family Court] to resolve in the first instance [citing cases]." If the dissent is correct in its contention, then the court in the *Matthews* case (*supra*), performed an act of futility in remanding that case to the Children's Court for a rehearing. Each case must be considered on its own particular facts in determining whether or not the Family Court would be justified in interfering. As was stated in *Matter of Weingast* v. *Weingast* (44 Misc 2d 952, 953): "there is no set rule". We agree that, ordinarily, a father is not under a duty to provide a private school education for his child. But this does not mean that the Family Court lacks the authority to make an order directing a father to contribute to such an education if the circumstances warrant it.

In the case at bar there can be no doubt that the Family Court was concerned about the well-being and future of this young man. To remove this student from a private high school, from which he was to be graduated in the following year, after having attended private schools for more than 13 years, was found by the Family Court to be contrary to the young man's best interests. Therefore, in the proper exercise of its discretion, it entered the order appealed from.

We are mindful of *Wagner* v. *Wagner* (51 Misc 2d, 574, affd. 28 A D 2d 828, app. dsmd. 20 N Y 2d 803) on which strong reliance is placed by the dissent. But that case does not warrant a conclusion different than that reached here. We do not read that case as authority for a holding that a Family Court is powerless to enter an order of the type involved herein and under the circumstances presented.

Accordingly, the order of the Family Court, dated December 16, 1966, directing appellant to pay 50% of his son's current tuition at the Fieldston School, not to exceed $900 per year, should be affirmed, without costs and without disbursements.

McNALLY, J. (dissenting). I dissent, and vote to reverse the order requiring appellant to pay one half of the child's tuition charges at a private secondary school.

In my judgment, since public high school facilities are readily available, the Family Court exceeded its power in directing the father to contribute toward tuition charges for his son's attendance at a private high school selected by the mother without consultation with or approval of the father, such tuition charges theretofore having been voluntarily paid by the mother and her second husband. And even if the Family Court had the power to require the father to contribute towards the son's private school tuition, the direction under the circumstances herein, in my judgment, was an improvident exercise of discretion.

Petitioner, the former wife of respondent, sought an increase of an existing child support order of the then Domestic Relations Court, Family Court Division, made June 8, 1961, which required respondent-appellant to pay $40 weekly for the support and maintenance of their son Jon, born April 9, 1950. Jon resided and still resides with and is in the custody of his mother, the petitioner. At the time of the 1961 support order, respondent, although remarried, had no children by his second marriage. At the time of the December 1966 hearing, respondent had two children of the second marriage, then ages 4 and 5. In 1951, immediately following the divorce of petitioner and respondent, petitioner remarried, her husband being a person of obvious affluence. After her remarriage, when Jon reached school age, petitioner placed him in a private school. Later, she sent the two children of her remarriage to a private school. The tuition charges were paid voluntarily by petitioner and her then husband and were never agreed or consented to or acquiesced in by respondent-appellant.

Appellant had paid $25 weekly for the support of his son under the separation agreement with petitioner until the increase in June 1961 to $40 a week. Appellant's two children of his second marriage will attend public schools.

Petitioner separated from her second husband on April 1, 1965 and entered into a separation agreement under which she is entitled to between $22,000 and $24,000 annually free of income tax. Her application for further support from appellant resulted in the order appealed from.

It has always been the law in New York that the kind and extent of education given is left to the discretion of the father. (*Anonymous* v. *Anonymous,* 60 N. Y. 262, 264.) This doctrine was recently applied in *Wagner* v. *Wagner* (51 Misc 2d 574,

affd. without opn. 28 A D 2d 828, app. dsmd. 20 N Y 2d 803).
In the *Wagner* case, in a comprehensive opinion Mr. Justice
BACKER at Special Term held (p. 576): "The duty to educate,
like the duty to support, rests, in the absence of statute to the
contrary, primarily upon the husband and secondarily upon
the wife. However, the mode, kind and extent of a child's
education ' is necessarily largely left to his discretion ' (*Anony-
mous* v. *Anonymous, 60* N. Y. 262, 264)." In the *Wagner* case
the defendant wife for three years paid for the private boarding
school expenses of the son, without her husband's knowledge
or consent or consultation in respect thereof. The learned court
at Special Term disaffirmed that portion of the Referee's report
which recommended that the husband be required to pay for
the college educational expenses of the parties' sons and
daughter, except as consented to by the husband.

The decisional law in this State is to the effect that a father
is not required to pay for his child's private school tuition where
the community makes available to children through the public
school system the education which each child is entitled to as
a matter of course. (*"Earle"* v. *"Earle", 205.* Misc. 738;
*Borden* v. *Borden,* 130 N. Y. S. 2d 831; *Present* v. *Present,*
N. Y. L. J., Aug. 5, 1966, p. 8, col. 6; 16 N. Y. Jur., Domestic
Relations, § 619.) In *Borden* v. *Borden,* it was aptly stated (p.
833): "There is no provision in the law which would require
a parent to pay a child's school tuition where the community
makes available to children through the public school system
the education which each child is entitled to as a matter of
course."

In New York Jurisprudence (vol. 16, p. 176), the following
appears: "Although the Family Court may order a father to
provide for the education of his children, the court may not
require him to provide them with a private school education
even though he is able to do so, at least where the community
makes available to children through the public school system
the education which each child is entitled to as a matter of
course." Persuasive authority outside the State is to the same
effect. (*Ziesel* v. *Ziesel,* 93 N. J. Eq. 153; *Haag* v. *Haag,* 240
Ind. 291; *Ford* v. *Ford,* 109 Ohio App. 495.)

In *Ziesel* v. *Ziesel* (*supra*) the Court of Errors and Appeals
of New Jersey had before it the review of an order increasing
the support payments of a child of the parties which awarded
a further sum of $980 annually for the education of a child at
a preparatory school. The court held that the award for the
education of the child at a preparatory school was not sus-
tainable so far as it represented expenses in excess of an

education at a public high school. The court stated (p. 157): "a father is under no *legal* duty to send his son to a boarding school, no matter what his financial circumstances may be. True, many a father does it at a sacrifice to himself and other members of his family, but he does so voluntarily. That may be a commendable thing to do. * * * But after all, if a father sees fit to content himself with a common public school and high school education for his son, the law will ordinarily require no more of him."

If the son Jon were living with his father instead of his mother, no court would compel him to send his son to a private day school. Why should the result be different when the mother has custody? The father would be under a statutory duty to educate the boy, which would be satisfied by his attendance at a New York City public high school. (*Ziesel* v. *Ziesel, supra.*) Since public high school facilities were readily available in the instant case, in my opinion the Family Court exceeded its power in directing the father to contribute toward tuition charges for his son's attendance at a private preparatory school, selected by the mother without consultation or approval of the father, where such tuition charges had theretofore been voluntarily paid by the mother and her second husband.

Section 416 of the Family Court Act makes provision for a support order providing for "the expense of educating a minor". It has not been held that this includes the power to mandate a private school education when a public high school education is available. We are not here concerned with a college education, involved in the authorities cited by the majority. Nor are we here concerned with the problem of the removal of Jon from the private school he is now attending. The record does not support the assumption that Jon's private high school education is contingent on his father's contribution thereto. Reduced to its simplest terms, the issue is whether the father may be compelled to contribute to the private high school education for Jon simply because it accords with petitioner's standard of living and the education she is providing for the issue of her second marriage.

Further, it would seem to be an improvident exercise of discretion. Viewing the over-all obligations of respondent to his present wife and two children, the award of $40 a week for the support of the child of his first marriage is adequate The Family Court found that the means of respondent were no greater in 1966 than they were in 1961 and properly refused petitioner's demand for an increase of weekly support and continued the $40 weekly support provision under the 1961 order.

While respondent's earnings remained substantially the same as in 1961, his obligations have substantially increased. It is arbitrary and unjust to burden appellant with private school tuition simply because the petitioner wife unilaterally undertook the financial obligation of such private schooling. There was and is no dispute concerning the availability of New York City's public high schools for the education of the son of the first marriage, and there is no showing that the son is either physically or mentally handicapped or otherwise in need of special private schooling.

The Family Court failed to give proper consideration to the wide disparity between the income and scale of living of petitioner and respondent, and failed to give due regard to the additional financial responsibilities as a result of respondent's second marriage. The dependents of the second marriage should not be penalized because the petitioner chose to bring up the son of the first marriage on a scale of living commensurate with the means of her second husband and beyond respondent's financial capacity. I do not think we may or should ignore the additional responsibilities resulting from the appellant's second marriage. Respondent-appellant's obligations toward those dependent on him for support can be placed in proper perspective only if they are viewed as a whole.

In view of the foregoing, I believe that there was no power in the Family Court to direct the father to contribute toward the tuition charges for the son of his first marriage at a private preparatory school, and, further, that it was an improvident exercise of discretion to so do.

Botein, P. J., and Eager, J., concur with Capozzoli, J.; McNally, J., dissents in opinion in which Stevens, J., concurs.

Order entered on December 16, 1966, so far as appealed from, affirmed without costs or disbursements.