Isidore Levine, J.
Petitioner, the former wife of respondent, moves for an upward modification of a temporary order of support for her two children, twins, age 18, made by this court on consent, and without prejudice to either party. Respondent, correspondingly, moves for a downward modification.
Heretofore, and on June 15, 1959, the parties entered into a separation agreement, which was thereafter and on July 13,1959 incorporated into a Mexican divorce decree, and was made part thereof, which said agreement was not merged in the foreign decree, but survived same.
Among other provisions not relevant to the issues herein, was a provision that the respondent herein would pay to petitioner herein the total sum of $35 per week for the support and maintenance of the twins, Thomas and Alan, until each child reaches the age of 18 years.
Initially, the respondent sought to foreclose any discussion with respect to support of the children, contending that since they have now reached the age of 18 years, they are no longer entitled to support under the terms of the separation agreement. The court, however, rejected this contention at the trial and *726 adheres to its position that the obligation of parents to support children continues until they reach their 21st birthday notwithstanding any agreement which the parties may have to the contrary. For a scholarly analysis of this principle of law, see opinion of Judge M. Michael Potoker, in Matter of Kern v. Kern (65 Misc 2d 765; see, also, Matter of Bachman v. Mejias, 1 N Y 2d 575; Matter of Goldberg v. Goldberg, 57 Misc 2d 224; Kulok v. Kulok, 20 A D 2d 568; and Moat v. Moat, 27 A D 2d 895).
■Secondly, respondent urges that in any event, petitioner is seeking an increase principally to defray the cost of college tuition and expenses which the children will now incur for the fall semester of 1972, since they will be attending college in Massachusetts and Maine, respectively, and that respondent is not responsible for the college education of his children as a matter of law. The court disagreed with this position at the trial and adhéres to its original ruling, at this time, that this is an issue of fact, which the court must decide upon all the facts and circumstances herein. (See Matter of Kotkin v. Kerner, 29 A D 2d 367; Matter of Bates v. Bates, 62 Misc 2d 498; Roe v. Doe, 36 A D 2d 162, affd. 29 N Y 2d 188; Wagner v. Wagner, 51 Misc 2d 574.)
However, the court concludes, for the factual reasons hereinafter set forth, that the respondent is not required to pay any additional sums for the support of these two children.
Petitioner established at the trial that in 1959 when the parties were divorced, the respondent was earning $75 per week gross and that at the present time respondent is earning $135.07 net.
Petitioner, therefore argues that she is entitled to an increase for the twins because of an increase in the cost of food, clothing and education, and in particular, the fact that the children will be attending college in September, 1972. As a matter of fact, she breaks down the needs of the children to be $222 per week (which includes college tuition and expenses, although coneededly neither child attempted to get into a tuition-free local college (see Roe v. Doe, supra; Wagner v. Wagner, supra), plus a share of the mortgage and. taxes on the home in which they live with petitioner’s new husband.
Respondent, however, testified to his average weekly expenditures as follows:
Rent $30.00
Food 17.50
Gas 1.75
Electric 3.75
Telephone $3.00
Lunch for self 10.00
*727 Subway carfare 3.50
Clothes 4.00
1.50 Washing shirts
2.50 Cleaning suits
2.00 Entertainment
Cigarettes (1% packs a day) 10.00
Laundermat 6.00
Total $95.50
To this must be added some miscellaneous expenses of haircuts, shaving cream and blades, toothpaste and various other sundries, which necessarily result in expenditures by respondent of no less than $100 per week, leaving just $35 per week for the twins herein.
The court further recognizes that respondent has expenses for his wife for food, clothing, personal spending money and personal cleaning of her clothing, which would result in his running into debt, which as a matter of f act he testified to. However, under a most recent ruling of the Appellate Division, Second Department, on June 6,1972, this court is barred from giving any relief to the respondent by way of a reduction in support. See Matter of Windwer v. Windwer (39 A D 2d 927, 928) where the court held unanimously as follows: “A divorced husband’s remarriage and a child born of his remarriage are not such circumstances as would warrant a reduction in support provisions, where the husband’s income remains unchanged.”
Certainly where as here the husband’s income has increased from 1959 to 1972, he is not entitled to a reduction in support despite the financial bind in which he finds himself.
Apparently supporting the Windwer case (supra) are numerous cases in various courts, including the Court of Appeals, as follows: Witkowski v. Witkowski (271 App. Div. 901) where the Appellate Division, Second Department, was unanimously affirmed by the Court of Appeals (297 N. Y. 626), which stated as follows: “ Defendant also stated that his financial obligations had increased as a result of a subsequent marriage contracted, contrary to the decree, in Connecticut. The Appellate Division stated: ‘ There is no showing of changed circumstances in the financial condition of the parties since the entry of the decree, and reduction of the amount of alimony is, therefore, not justified.’ ”
See, also, Balmer v. Balmer (12 Misc 2d 226, 227) where Official Eeferee Frank E. Johnson of the Supreme Court, Kings County held: “ The living expenses of one who has been divorced and *728 remarried have not been recognized as a ‘ change in circumstances, ’ or a legitimate excuse for not paying what should be paid to the former wife; it is probably even less permissible of consideration when he ignores the Supreme Court and remarries without its knowledge or consent. The decisions indicate that the control this court desires to have over a remarriage by a defendant husband relates to its possible effect upon his financial obligations under the judgment. Those obligations are to pay plaintiff (during the life of the judgment) a proper sum as a continuing obligation.” The Appellate Division (7 A D 2d 741) affirmed but modified the Supreme Court decision by reducing the increase in alimony and counsel fee, and the Court of Appeals then unanimously affirmed the Second Department without opinion (7 NY 2d 833).
To the same effect see Raynor v. Raynor (279 App. Div. 670) where the Appellate Division of the Second Department again unanimously held that “ Defendant’s remarriage, with its attendant additional obligations, is not such a change in circumstances as to justify a reduction of the amount of alimony. (Goldberg v. Goldberg, 265 App. Div. 946; Witkowski v. Witkowski, 271 App. Div. 901, affd. 297 N. Y. 626.) ”.
Similarly, see Goldberg v. Goldberg (265 App. Div. 946) where the Appellate Division of the Second Department unanimously stated ‘ ‘ It is immaterial that as an incident to his second marriage, in violation of the decree herein, expense has been incurred by the defendant for the support and hospitalization of his present wife. ’ ’ (See, also, Panarella v. Panarella, 134 N. Y. S. 2d 440 [Sup. Ct., Kings County]; Fein v. Fein, 136 N. Y. S. 2d 250 [Sup. Ct., Kings County]).
"While citing the Windwer case (39 A D 2d 927, supra), as dispositive of the issue with respect to the respondent’s application in the case at bar for reduction in his obligation for the support of the twin sons herein, the court is mindful of the most learned opinion of Mr. Justice Meyer of the Supreme Court in Nassau County, in the case of Dominick v. Dominick (26 Misc 2d 344) in which plaintiff argued that defendant’s remarriage is not such a change in circumstances as will justify reduction in alimony, citing Witkowski v. Witkowski (271 App. Div. 901, affd. 297 N. Y. 626, supra); Goldberg v. Goldberg (supra); Raynor v. Raynor (supra) and Panarella v. Panarella (supra), and concerning which the court held (p. 354): “ More important, both the Witkowski and Goldberg decisions state that defendant had remarried in violation of a New York divorce decree and since Raynor and Panarella were New York divorce actions and *729 both cite Witkowski and Goldberg as authority for the decision rendered it may be assumed that the same fact was also involved in those two cases. The instant case involves no such element. Divorced by the court of his domicile for a reason involving no moral taint, defendant was under no duty not to remarry.”
Supporting the Dominick decision in other departments are Fennie v. Fennie (32 A D 2d 874 [App. Div., 4th Dept.]) and Matter of County of Santa Clara v. Hughes 43 Misc 2d 559, (Family Ct., Ulster County).
However, this court sitting on a Second Department case is constrained to follow the dictates of this Appellate Division in the Windwer case (supra), until such time as the Court of Appeals clearly draws a distinction between cases involving a remarriage in violation of a New York divorce decree, and one in which the remarrige is not in violation of a New York divorce decree. Apparently the Appellate Division of the Second Department clearly stated its position in the Windwer case just a few months ago, with full knowledge of the suggested distinction drawn in the Dominick case (supra), as well as the contrary authorities in other departments, and nevertheless held unequivocally, “ A divorced husband’s remarriage and a child born of his remarriage are not such circumstances as would warrant a reduction in support provisions, where the husband’s income remains unchanged.”
As a consequence this court is impelled to and does hereby follow the authority of the Windwer case in the Second Department case at bar, particularly where it is noted that in both the Windwer case and the case at bar the husband remarried after a Mexican divorce decree and there was no judicial prohibition against such remarriage in either case.
Accordingly, petitioner’s application for an increase in the $35 per week temporary order of support is denied, and the said order for $35 per week for the two children herein is made final, and respondent’s cross application for reduction in the order of support is denied.
Finally, with respect to the application of petitioner’s attorney for counsel fees, the court notes said attorney’s claim, that he expended 10 hours in connection with the preparation and trial in this matter for which he should be compensated at the rate of $60 per hour, based upon his experience, capacity and standing at the bar, totaling $600, provided the respondent has the ability to pay such sum.
Regrettably for said attorneys, the respondent only earns $137.07 net per week, has a present bank balance in his checking *730 account of $299.69 in the Chase Manhattan Bank, has no savings bank account, and is in debt due to borrowing from his mother and aunt.
Under these circumstances, the court can only order token counsel fees in the sum of $150, despite the far greater value of the services rendered by petitioner’s attorney, which sum the respondent is directed to pay directly to petitioner’s attorneys as follows:
1. $50 on or before September 1,1972 ;
2. $50 on or before October 1, 1972;
3. $50 on or before November 1, 1972.
Total... $150.