OPINION OF THE COURT
Kerry R. Trainor, J.
Objections to the order dated November 24, 1998 of the Honorable Isabel Buse, Hearing Examiner, having been filed with this court, and said matter having come before me, the following disposition is made:
On July 9, 1998, the petitioner, an applicant for public assistance at the time, filed a petition in the Family Court seeking support from his spouse. On November 24, 1998 the Hearing *562 Examiner, prior to hearing, on her own motion dismissed the petition on the ground the court lacked jurisdiction because the parties had entered into an agreement with respect to support in the context of their claimed pending divorce action. The agreement provided for the waiver of maintenance.
The Suffolk County Attorney, on behalf of the Suffolk County Department of Social Services, objects to the Hearing Examiner’s ruling.
The objection is granted. Contrary to the Hearing Examiner’s conclusion, when a party is a public charge or in danger of becoming a public charge, this court does not lack jurisdiction to entertain a proceeding for spousal support notwithstanding the parties’ agreement in the context of a pending divorce action. (See, Family Ct Act §§ 463, 464 [b]; §§ 445, 415; see also, Denner v Denner, 189 Misc 484.) Furthermore, from a review of the court record it appears the support proceeding was commenced prior to the divorce action. If this is the case, the Family Court would not be usurped of its jurisdiction to hear the support case (Matter of Wolinsky v Wolinsky, 133 AD2d 768).
Lastly, from a review of the court record, the court is not satisfied a divorce action has, in fact, been commenced by the filing of a summons and complaint with notice and the obtaining of an index number. (See, CPLR 304, 305 [a]; 306-a.)
For the reasons stated, the objection is granted and the proceeding is remanded to the Hearing Examiner for restoration to the hearing calendar forthwith.