■ In the Matter of BARBARA HALPERN, Respondent, v. BERNARD KLEBANOW, Appellant.— Order of the former Domestic Relations Court of the City of New York, entered on June 28, 1962, directing respondent-appellant to pay certain sums for the support of three children, unanimously reversed, on the law and the facts, without costs, and the petition dismissed. Under section 92 of the Domestic Relations Court Act (which has since Sept. 1, 1962 been superseded by the Family Court Act) the Family Court had the power to order support for a child — irrespective of whether he was likely to become a public charge — " as justice requires having due regard to the circumstances of the respective parties." (See, also, Family Ct. Act, § 413.) So, too, under subdivision 5 of section 137 of the Domestic Relations Court Act it was provided that " A separation agreement shall in no way preclude the filing of a petition for the support of a child or the making of an order for its support by the family court ". (A similar provision was incorporated in Family Ct. Act, § 461, subd. [a].) The parties herein entered into a separation agreement which contained carefully arrived at provisions regulating the custody, control and support of three minor children. The husband not only agreed to pay $3,000 per annum for each child but also assumed the payment of any medical and dental expenses, the cost of attendance at private schools or college, and the cost of attendance at Summer camps. There is no claim that the husband did

not meet his obligations under the separation agreement. Nor can there be any serious argument made that the stipulated provisions for support were not satisfactory and reasonable at the time the agreement was made. Although power resided in the Domestic Relations Court to order support for children, despite the existence of a separation agreement, that power was not to be exercised where a separation agreement made adequate provision for support and there was no showing of a compelling change of circumstances of the respective parties. The only change of circumstances advanced by petitioner was occasioned by her remarriage following her obtaining a Mexican divorce in 1956. After that remarriage, petitioner has seen fit to file joint income tax returns with her present husband, which returns report as income the payments received by petitioner from appellant. As a consequence, the higher income tax bracket of the present husband results in the payment of a proportionately higher amount of tax on the sums received by petitioner from appellant. It is the present husband who is receiving the benefit of the joint income tax return. However, that method of filing income tax returns results in the claimed diminution in the amount available to petitioner for the support of the children of appellant. It was an improvident exercise of discretion to treat the income tax consequences of filing joint returns as such a change in circumstances which would warrant a disregard of the separation agreement. It was petitioner's choice to benefit the tax position of her present husband. She should not have been permitted to reap the benefits of that choice while transferring the burdens to the financial shoulders of appellant. Since appellant was providing adequate and reasonable support for his children under the separation agreement, the Domestic Relations Court should not have altered those provisions upon the basis of avoidable income tax considerations not attributable in any way to conduct of appellant. Concur — Breitel, J. P., Valente, Eager, Steuer and Staley, JJ.