■ LORNA M. PROSPERO, Respondent-Appellant, v. ANGELO PROSPERO, Appellant-Respondent.— Order unanimously reversed and case remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: The parties hereto separated by mutual agreement in 1965. They then resided in Genesee County. By order of Genesee County Family Court, effective as of September 4, 1968 respondent husband was directed to pay to petitioner wife the sum of $110 per week for support of herself and their six children, plus $10 per week on unpaid support payments under a prior order. At that time petitioner had been employed for about a year and continued her employment until March, 1969 when she quit her job and moved with the six children to Erie County, she then being pregnant by a man not the respondent. ¶ In the fall of 1969 respondent brought an action against petitioner for divorce on the ground of cruel and inhuman treatment, and she counterclaimed for divorce on the same ground. Petitioner then also petitioned Family Court for exclusive custody of the children and denial of visitation rights to respondent pending the divorce action. Judgment of divorce was granted to the wife on April 23, 1970, and the issues of custody, visitation

and support and maintenance of the wife and children were referred to the Erie County Family Court and were joined with the petitioner's pending petition. It appears that petitioner has not remarried but that respondent remarried on June 20, 1970, and his new wife is employed and has a six-year-old daughter who lives with her and respondent. Family Court conducted a hearing on the issues and by order of October 20, 1970 awarded custody of the children to petitioner, with limited visitation rights to respondent husband, ordered respondent to pay to petitioner the sum of $155 per week for the support of herself and children and ordered him to pay $10 per week on the arrears in support payments under prior orders. ¶ Respondent appeals from each and every part of this Family Court order and petitioner cross-appeals therefrom insofar as it fails to award more for support and specified needs and continues respondent's visitation privileges. ¶ Upon the hearing the court refused to permit respondent's attorney to examine petitioner concerning her earnings for the year and one half during which she worked before quitting in March, 1969 because of her pregnancy for her seventh child. This child, a boy, was born later in 1969 and is maintained by petitioner in her home with her other six children. The latter now range in age from 16 to 9 years. The court also refused to permit respondent to inquire about a fractional allocation of total household living expenses to the seventh child and to inquire as to the amount if anything which the father of said child was contributing to petitioner for the support of the child and petitioner. ¶ The results of such rulings is to subject respondent, potentially at least, to the expense of rearing the seventh child who admittedly is not his. Moreover, the rulings charge respondent with the loss of petitioner's ability to contribute to the support of the family (at least to her own support) by reason of her post-divorce pregnancy, for which another man was responsible. The ability of the wife to support herself is an important consideration in fixing alimony (Domestic Relations Law, § 236; *Kover* v. *Kover,* 29 N Y 2d 408). Petitioner should, of course, have the opportunity to establish that her six children by respondent, or other cause than the presence in the home of the seventh child, prevent her from working; and the court should consider such evidence in light of the fact that she was able to work for one and one half years immediately before her last pregnancy. The court should have evidence before it upon which findings can be made as to the necessary expenses for support of respondent's six children and as to how much, if anything, respondent should be required to pay the petitioner for alimony. Although the statutes permit alimony and support to be lumped together (Domestic Relations Law, §§ 236, 240), under the circumstances of this case the court should make separate provisions therefor. ¶ The expenditures which the record shows that respondent has made for himself suggest that he has not been as diligent as possible in making up the delinquent payments due under the previous orders. On the new hearing the court should consider requiring respondent to liquidate enough assets to pay at once all those payments which are in arrears, or adopt other effective measures so far as possible for early payment of the arrearage. ¶ The objections of petitioner to the order as stated in her notice of cross appeal may be reasserted on the new hearing. As for the request for money for tuition for the children to attend private school, such may be required in an appropriate case (see *Matter of Kotkin* v. *Kerner,* 29 A D 2d 367; *Matter of Kern* v. *Kern,* 65 Misc 2d 765, 774–775). An award for such purpose lies within the discretion of the court in light of all the circumstances, but often, as appears to be the case here, the allowance depends not on what is desirable but on what is practicable. ¶ Respondent has raised

the question of jurisdiction as between Erie County and Genesee County Family Courts. This is more a matter of venue than of jurisdiction, which lies with Erie County Family Court under the Supreme Court judgment. If petitioner has returned to live in Genesee County, change of venue thereto may be sought as a convenience to the parties. ¶ Pending determination following the rehearing, respondent should continue to make the payments of $155 per week for the support of petitioner and the children and $10 per week to apply on arrears. (Appeals from order of Erie County Family Court, awarding custody and support.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.