■ ALEX J. MCGUIGAN, Appellant, v. IRENE MCGUIGAN, Respondent.— Appeal by plaintiff from so much of a judgment of the Supreme Court, Queens County, dated January 23, 1974, granting him a divorce after a nonjury trial, as (1) granted defendant alimony of $20 per week, (2) directed plaintiff to transfer to defendant his fee interest in the real property owned by the parties as tenants by the entirety and (3) did not direct partition of the real property. Judgment modified, on the law, by striking therefrom the third decretal paragraph, which directed the transfer of the real property interest, and by substituting therefor a provision that defendant shall have the exclusive use and occupancy of the real property in question, a two-family house now owned by plaintiff and defendant as tenants in common and known as premises 93-09 Lamont Avenue, Elmhurst, New York. As so modified, judgment affirmed insofar as appealed from, without costs. The record presents no question regarding title to the property, which has been vested in both parties since 1951. Section 234 of the Domestic Relations Law, which authorizes the court to make a direction concerning possession of property, does not empower the court to order transfer of title from one party to the other. The trial court was in error in so doing. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH CLARK, Appellant.— Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed October 18, 1972. Sentence reversed, on the law, and case remanded to the Criminal Term for resentence in accordance with the views herein set forth. CPL 380.50 requires that the court ask the defendant whether he wishes to make a statement (*People* v. *Gilliam*, 40 A D 2d 1036; *People* v. *Brown*, 41 A D 2d 850). The statutory requirement is not satisfied by asking the defendant whether he has any legal reason why sentence should not be pronounced (*People* v. *Cummings*, 44 A D 2d 779). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VITO GUZZO, Appellant.— Judgment of the Supreme Court, Queens County, rendered April 24, 1973, affirmed (*People* v. *Usher*, 39 A D 2d 459, amd. 40 A D 2d 1079, affd. 34 N Y 2d 600). The case is remitted to the Supreme Court, Queens County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.