■ LORAYNE BERRY, Respondent, v RYNN BERRY, JR., Appellant.—Judgment, Supreme Court, New York County, entered June 22, 1976, which, inter alia, granted a divorce to plaintiff, dismissed defendant's counterclaims for similar relief and dismissed defendant's third counterclaim to be declared sole owner of the marital apartment and for a money judgment; directed that defendant pay alimony in the sum of $800 per month and child support in the sum of $800 per month and that defendant pay the child's private schooling and higher education, unanimously modified, on the law and the facts, to reinstate defendant's third counterclaim and remand same to the Supreme Court for further proceedings; to provide and direct monthly alimony and child support payments in the sum of $600 each with child support to cease if the child becomes emancipated before gaining his majority, and to delete the provision relating to private schooling and higher education, and, as so modified, affirmed, without costs and without disbursements. On this record there is sufficient evidence properly credited by the trial court supporting the award of a divorce to the plaintiff. However, with respect to defendant's third counterclaim, the matter was inadequately tried; the evidence is contradictory and fails to conclusively support either party. A new plenary hearing on this counterclaim is clearly warranted. Regarding the amount of alimony and child support, it appears that they are excessive. The parties' preseparation standard was based upon the income and invasion of the principal of two testamentary trusts of which defendant is the beneficiary. Defendant is not gainfully employed and appears to have no other assets. To the extent that the standard during cohabitation exceeds the defendant's income and requires the invasion of capital, that standard should not be incorporated in the decree. (Orenstein v Orenstein, 26 AD2d 928, affd 21 NY2d 892.) Nevertheless, the defendant should be required to be gainfully employed (Kay v Kay, 37 NY2d 632) and

the preseparation standard remains a guide in arriving at the amount of support. After scrutiny of the record and under all the circumstances herein, it is concluded that in order to achieve a fairer balance of the equities, both alimony and child support must be modified downward to provide for monthly payments of $600 each (see *Kover v Kover*, 29 NY2d 408; *Phillips v Phillips*, 1 AD2d 393, 396–397; Domestic Relations Law, § 236). As the parties reside in New York City, appropriate public education is available and the defendant should not be charged for his child's private education. Similarly, if the child is emancipated before gaining his majority, the father need not provide support for the child. Settle order on notice. Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.