■   In the Matter of JUDITH HABAS, Respondent, v LIONEL HABAS, Appellant.—Order, Family Court, New York County, entered June 30, 1976, unanimously modified, on the law, and in the exercise of discretion, to the extent of striking the provision requiring respondent husband to pay for the private schooling of the child, and, as so modified, affirmed, without costs and without disbursements. The parties were married November 26, 1967. There is one child, now four years of age, of the marriage. The parties separated in April, 1975 and petitioner wife commenced the instant proceedings seeking support for herself and for the child. On the facts, the alimony granted by the court below is proper (Domestic Relations Law, § 236; *Kover v Kover*, 29 NY2d 408) as is the provision for child support (Family Ct Act, § 413). However, in the absence of the father's consent he may not be

compelled to pay the cost of his child's private school education *(Wagner v Wagner,* 51 Misc 2d 574, affd 28 AD2d 828, app dsmd 20 NY2d 803; but see *Matter of Kotkin v Kerner,* 29 AD2d 367). Private schooling is not indicated where the community makes available a public school education *(Earle v Earle,* 205 Misc 738; *Borden v Borden,* 130 NYS2d 831; *Berry v Berry,* 56 AD2d 522). Consent for enrollment for a one-year period is not continuing and may be withdrawn at any time (see *Wagner v Wagner, supra).* The husband, by appealing, has withdrawn his consent. Concur—Kupferman, J. P., Birns, Capozzoli, Nunez and Lynch, JJ.