■ STANLEY W. TAYLOR, Appellant, v NINA TAYLOR, Respondent.— Order and resettled judgment (one paper), Supreme Court, New York County, entered on or about June 9, 1977, which disposed of cross applications to modify support terms of a divorce decree and with respect to a co-operative apartment owned by the parties, unanimously modified, on the law and the facts, without costs or disbursements, to the extent of declaring that plaintiff is not required to pay the expenses of the co-operative apartment in excess of the amount required to be paid on the parties' former marital home, and reducing the money judgment obtained by defendant by deducting therefrom the expenses of the co-operative apartment in excess of the amount required to be paid on the parties' former marital home for the period beginning January, 1976 through July 31, 1976, and further reducing the money judgment by deducting therefrom any award for alimony and support for the period from July 15, 1973 to November 1, 1973, reducing the counsel fee awarded to defendant to $3,000, and providing that the co-operative apartment be sold in the manner formerly directed in the initial judgment of November 4, 1976, without any declaration that defendant wife is the sole owner, and except, as thus modified, affirmed and appeal from judgment, Supreme Court, New York County, entered November 26, 1976, unanimously dismissed, without costs or disbursements. In these consolidated actions between a former husband and wife concerning their respective rights under a separation agreement, the wife sues to recover arrears for alimony, child support and maintenance of the parties' co-operative apartment. The husband seeks a downward modification of the alimony and support provisions and a declaration of his financial obligations under the agreement. Paragraph 9 of the separation agreement expressly contemplated the sale of the parties' marital home and the eventual relocation of the wife and children to a co-operative apartment. Paragraph 9 further provided that in the event of such a move the husband's obligation to pay the maintenance, mortgage and tax payments on the co-operative apartment would be "roughly equivalent to the mortgage and taxes presently being paid by the husband on the house." Hence, it was improper to construe the separation agreement so as to impose upon the husband the responsibility for any and all expenses required for the maintenance of the co-operative apartment. The extra costs of the maintenance of the co-operative apartment over and above the mortgage and tax expense of the parties' former home are calculated at approximately $300 per month. The husband should not, however, be allowed any credit for any moneys paid by him in excess of the ceiling provided for in paragraph 9 of the separation agreement for the period of time from 1972, when the wife and children moved into the co-operative apartment, until early 1976, when he ceased making such payments, because these payments must be considered as support for his former wife and children and, as such, they are not recoverable. (See *Haas v Haas*, 271 App Div 107.) The husband is entitled to a reduction in the amount of

damages awarded to the wife for the excess expense of maintaining the co-operative apartment for the period beginning January, 1976 through the end of July, 1976, when the trial was concluded. Furthermore, the wife is not entitled to damages for alimony and support from July 15, 1973 to November 1, 1973, a period during which the husband indirectly provided support and alimony by paying all the expenses of his wife and children. The decree of divorce, entered on November 4, 1974, which incorporated by reference the separation agreement, was granted on a finding, *inter alia,* that the husband had substantially performed the terms of the separation agreement. The wife may not now claim nonperformance. The original judgment herein directed an immediate sale of the co-operative apartment. In the resettled judgment the trial court declared the wife the sole owner of the co-operative apartment, title to which had been in the name of the husband and wife, as tenants in common. To accomplish this change in title, the court vested the wife with the authority to effectuate the transfer. This was error. While the court, commendably, was attempting to facilitate a sale of the apartment to accommodate the wishes of the parties, it lacked the power to order a transfer of title from one spouse to the other. *(McGuigan v McGuigan,* 46 AD2d 665; Domestic Relations Law, § 234.) Finally, while the wife is entitled to reasonable counsel fees both under the terms of the separation agreement and section 237 of the Domestic Relations Law, we are of the view that in the circumstances presented, the award was excessive. Accordingly, the fee is reduced to $3,000. Settle order on notice. Concur —Lupiano, J. P., Birns, Silverman, Fein and Sullivan, JJ.