■ DANIEL A. GARTIN, Appellant, v SANDRA R. GARTIN, Respondent.—Order, Supreme Court, New York County, entered April 25, 1978, granting defendant's motion to direct plaintiff to pay $1,400 as a deposit for private school for the parties' children commencing in the fall of 1978, unanimously reversed, on the law and on the facts, and the motion denied, without costs or disbursements. Because defendant's motion was met, on the return date, with an application for an adjournment due to counsel's actual engagement in the Court of Appeals, we deem the order not to have been entered on appellant's default, the characterization by Special Term to the contrary notwithstanding. The court should have allowed the adjournment. Moreover, it should have denied the application on its merits. Not only does the direction to pay for private schooling conflict with the earlier *pendente lite* order of Shainswit, J., but also contravenes the well-settled rule that, in the absence of special circumstances *(Matter of Kotkin v Kerner,* 29 AD2d 367), the father should not be compelled, over his objection to pay for private schooling where "the community makes available to children through the public school system the education which each child is entitled to as a matter of course" *(Borden v Borden,* 130 NYS2d 831, 833; see *Winston v Winston,* 50 AD2d 527; cf. *Brandt v Brandt,* 63 AD2d 901). Concur—Kupferman, J. P., Lupiano, Birns, Fein and Lane, JJ.

■ In the Matter of JOSE L. Q., a Person Alleged to Be a Juvenile Delinquent, Appellant.—Order of the Family Court, New York County, entered December 22, 1977, adjudging the respondent-appellant a juvenile delinquent and placing him with the New York State Division for Youth under restrictive placement, unanimously modified, on the law, to reverse and remand for an EEG (brain scan) and a neurological examination as to appellant's mental status, and a new dispositional hearing thereafter, and otherwise affirmed, without costs and without disbursements. There had been a fact-finding determination entered on October 17, 1977 that the juvenile committed acts which, if done by an adult, would constitute the crime of robbery in the first degree and possession of a weapon in the fourth degree. We do not disturb that determination. However, the disposition of a restrictive placement was made without a neurological examination and an encephalogram, which would be a critical aid in determining whether in this case there is brain damage (Family Ct Act, § 750, subd 3) and formulating a plan for hoped for treatment (Family Ct Act, § 753-a, subd 2, par [b]). Concur—Kupferman, J. P., Lupiano, Birns, Fein and Lane, JJ.