■ VISVALDIS BERZINS, Appellant-Respondent, v ILZE BERZINS, Respondent-Appellant.—In a divorce action (see Domestic Relations Law, § 170, subd [6]), in which the defendant wife counterclaimed for an increase in the amount of child support provided by the parties' separation agreement, (1) the plaintiff husband appeals from so much of a judgment of the Supreme Court, Dutchess County, dated January 25, 1978, as, upon the counterclaim, directed him to pay child support of $75 per week, per child, and (2) the defendant wife cross-appeals from so much of the same judgment as failed to award her counsel fees. Judgment modified, on the law and the facts, by reducing the child support the plaintiff husband is required to pay to $50 per week, per child (for a total of $100). As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The parties, who separated after 13 years of marriage, have two children, now aged 14 and 9 years. By the terms of a separation agreement, negotiated over some five months, the wife was to have custody of the children and to pay all the charges on the marital residence, including the mortgage. The husband was to deduct 30% of the mortgage interest and property taxes on his income tax return. He was also to pay $100 weekly for child support ($50 per child), to provide medical insurance for the children and to pay any of the medical bills not covered by the insurance. In return he was permitted to claim the younger of the two children as a dependent for income tax purposes. At the time that the separation agreement was entered into, the husband was earning $19,000 per year, and the wife $11,000. At the time of the trial, however, two years later, the husband's annual salary had risen to $26,000 and the wife's to $25,000. When the husband commenced this action for divorce, the wife joined in the requested relief, but interposed a counterclaim for increased child support. Special Term was of the opinion that the agreement was unfair and unreasonable as written and that, due to its inadequacy, the wife was being forced to use child support payments to defray other expenses, namely those connected with the maintenance of the home. The court, therefore, ordered the child support payments increased to $75 per week, per child, an increase of $25 per child, per week, over the amount specified in the separation agreement. The court stated that in making its determination it "[was] consider[ing] the assets, earnings, obligations and expenses of the father". Evidently, it did not take into account the mother's income. In our view, the mother's earnings should be considered when allocating responsibility for the support of the children (see *Matter of Boden v Boden,* 42 NY2d 210, 212; *Matter of Carter v Carter,* 58 AD2d 438). At bar, since the mother's earnings are almost equal to the father's, we

conclude that her financial responsibility should be approximately one half. Calculating the expenses for the children for food, clothing and the like, for the baby-sitter (at $85 per week for eight months, divided by 52 weeks), and for the house (one half of all charges is allocated as the children's share), we have arrived at a gross figure of approximately $217 per week. On this analysis, the amount of support which the parties agreed that the husband should pay pursuant to the terms of their 1975 separation agreement ($100 per week) must be considered fair and adequate when entered into. Even today it amounts to approximately one half of the children's expenses. Without more, this sum should not have been increased by the court (see *Matter of Boden v Boden, supra,* p 213; cf. *Matter of Halpern v Klebanow,* 21 AD2d 858). Under similar considerations of co-ordinate responsibility, the wife here is as able (or unable) to pay a counsel fee as the husband. Accordingly, Special Term's failure to award a counsel fee in this case did not constitute an abuse of discretion. Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.