■ In the Matter of PETER CORDES, Appellant, v FRANK R. CORDES, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, petitioner appeals from (1) stated portions of an order of the Family Court, Westchester County, entered July 13, 1978, which, *inter alia,* directed a hearing on an application for arrears in support payments and (2) a further order of the same court entered October 23, 1978, which denied a motion to reargue. Appeal from order entered October 23, 1978, dismissed, without costs or disbursements. Petitioner's application was properly considered as a motion to reargue and no appeal lies from an order denying reargument. Appeal from order entered July 13, 1979, dismissed, without costs or disbursements. This order does not constitute an order of disposition and, therefore, no appeal may be taken as of right (see Family Ct Act, § 1112). Nor on the instant record would we be inclined to grant permission to appeal. Suozzi, J. P., O'Connor, Rabin and Shapiro, JJ., concur.

■ In the Matter of CAROL COVINGTON, Appellant, v JOSEPH CLAVIN, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, petitioner appeals from so much of an order of the Family Court, Orange County, dated August 14, 1978, as denied, without a hearing, her application for an upward modification of the child support provisions of a separation agreement. Order reversed insofar as appealed from, without costs or disbursements, and proceeding remitted to the Family Court for a hearing in accordance herewith. In this case petitioner sought an upward modification of child support claiming that inflation and the fact that the children had grown older, and therefore had greater needs, had led to greater expenses for their care. The Family Court denied the application, without a hearing, stating that inflation and the increased age of the children were not sufficient grounds for an increase in support. It is our opinion that under the circumstances of this case the Family Court should have held a hearing on the petition. The cases of *Matter of Gould v Hannan* (57 AD2d 517, 518) and *Liebmann v Liebmann* (19 AD2d 821), upon which respondent relies, are not to the contrary. Those cases hold that a party seeking increased child support may not establish a case merely by proving that there has been inflation or that the children have grown older since the date upon which the support was originally fixed. General proof as to the rate of inflation and increased age of the children is insufficient. Specific proof is required (1) that the expenses on behalf of the children have increased and (2) that the father has the present ability to pay an increase. In this case the petition was supported by a financial statement made by the petitioner. She was prepared to testify as to the increased expenses on behalf of the children. The father also submitted a financial statement. The failure to hold a hearing deprived petitioner of an opportunity to examine him with respect thereto. Accordingly, the Family Court erred in dismissing the petition without a hearing. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.