■ In the Matter of MICHAEL L. GAGLIA, Petitioner, v ROGER STARR, as the Administrator of the Housing and Development Administration of the City of New York, Respondent.—Renewed motion for resettlement granted only to the extent of deleting from the memorandum decision filed with the order of this court entered on November 1, 1977 [59 AD2d 839] the words "and the matter remanded for a new hearing" appearing at the end of the first paragraph of said memorandum decision, and resettling said order of this court to reflect such deletion. The motion for resettlement is otherwise denied. Resettled order signed and filed. Concur—Kupferman, J. P., Birns, Sandler and Lane, JJ.

## SECOND DEPARTMENT, JULY, 1979

## (July 2, 1979)

■ In the Matter of HILTON M. SOBA, Petitioner.—In an application by petitioner, a suspended attorney, whose period of suspension has expired for reinstatement as an attorney and counselor at law, the matter was referred to the Committee on Character and Fitness for the Second Judicial Department for investigation, hearing and report by order of this court, dated May 14, 1974, the application to be held in abeyance. The committee's report has been received by this court. The committee has found that this petitioner presently possesses the requisite character and fitness for an attorney and counselor at law and this court adopts and confirms said finding. Application granted; petitioner's name is ordered restored to the roll of attorneys and counselors at law forthwith. Mollen, P. J., Hopkins, Damiani, Titone and Suozzi, JJ., concur.

■ RITA DI MARTINO, Respondent-Appellant, v ANTHONY DI MARTINO, Appellant-Respondent.—In a matrimonial action, the parties cross-appeal from so much of a judgment of divorce of the Supreme Court, Richmond County, dated August 1, 1978, as (1) directed the defendant to pay to the plaintiff a counsel fee in the sum of $2,500, (2) provided that the parties are to share equally the cost of educating the infant issue of the marriage and (3) directed that plaintiff bear the cost of repairs to the marital home to the extent of $100 and that defendant bear any cost exceeding $100. Judgment modified, on the law, by deleting the seventh and eighth decretal paragraphs thereof and substituting therefor provisions that the plaintiff bear the costs of any repairs to the former marital residence as well as any private schooling she deems necessary for the infant issue. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Absent special circumstances, not shown here, the cost of private schooling is not a necessary expense for which a father may be obligated (see *Kaplan v Wallshein,* 57 AD2d 828). Moreover, a divorce granted to the husband on the basis of the wife's "misconduct" operates to preclude her right to exclusive occupancy of the marital residence (see *Schwatzman v Schwatzman,* 62 AD2d 988), as well as incidental repair costs, absent an explicit waiver by the husband. No such waiver occurred here as to the repair costs. Damiani, J. P., Rabin, Gulotta and Cohalan, JJ., concur.