■ MARIANN KROK, Also Known as MARIANN MONTAGNA, Respondent, v JAMES KROK, Appellant.—Consolidated appeals by the former husband (1) from an order of the Family Court, Putnam County, dated November 6, 1978, which directed him to pay (a) child support in the amount of $125 per week, (b) the cost of his child's tuition at private school, and (c) counsel fees in the amount of $1,000; and (2) as limited by his brief, from so much of an order of the same court, dated April 25, 1979, as denied that branch of his motion which was for a new trial before a different Judge. Order dated November 6, 1978, reversed, without costs or disbursements, and case remanded to Family Court for a new trial before another Judge in accordance herewith. Appeal from order dated April 25, 1979 dismissed as academic, without costs or disbursements, in view of the determination with respect to the order dated November 6, 1978. The failure of the Family Court to adequately consider the former wife's financial circumstances and her ability, if any, to contribute toward the support of the minor child requires that the award of child support be reversed and the matter remanded for further consideration and an apportionment of the costs of such support, if appropriate, between the respective parents "according to their respective means" (see Matter of Carter v Carter, 58 AD2d 438, 440). In addition, so much of the order appealed from as directed the former husband to bear the cost of his child's tuition at a private school is not supported by the record, as it is well established that "absen[t] * * * proof [of] special circumstances * * * which warrant enrollment of the infant issue in private schools, it [is] error for the trial court to direct [a parent] to continue payment of his [child's] private school expenses (see Habas v Habas, 56 AD2d 747; Berry v Berry, 56 AD2d 522; Wagner v Wagner, 51 Misc 2d 574, affd 28 AD2d 828; Earle v Earle, 205 Misc 738; cf. Matter of Kotkin v Kerner, 29 AD2d 367)" (Baiamonte v Baiamonte, 67 AD2d 992). In view of our determination remanding the matter for a new trial, so much of this consolidated appeal as concerns the order dated April 25, 1979 has been rendered academic. Since there must be a new trial herein, it would be advisable for the entire matter to be referred to a different Judge for trial. Lazer, J. P., Rabin, Gulotta and O'Connor, JJ., concur.

■ ANTHONY LORENZO, Appellant, v HARRY LUBCHANSKY et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered April 9, 1979, upon a jury verdict in favor of the defendants. Judgment reversed, on the facts, and new trial granted, with costs to abide the event. In light of defendant Lubchansky's testimony that he failed to look in the direction of oncoming traffic before he began to make his left turn, the jury's verdict that neither party was negligent was contrary to the weight of the evidence. Lazer, J. P., Gibbons, Rabin and O'Connor, JJ., concur.