■ Sheila Benson, Respondent, v Leonard Benson, Appellant.—In a matrimonial action in which the plaintiff wife was previously granted a judgment of divorce, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County, dated May 27, 1980, as, after a hearing, (1) granted plaintiff's motion to modify the judgment of divorce to the extent that defendant was directed to pay additional child support for one of the parties' children in the amounts of $400 per month for psychotherapy, and $8,179 per annum for enrollment of that child at the private Hun School, (2) directed defendant to pay plaintiff the sums of $870 and $1,370 for medical expenses incurred on behalf of the parties' children and (3) denied defendant's cross motion to modify the judgment of divorce so as to reduce the amount of child support payable thereunder by that portion reflecting support of the parties' son who has allegedly become emancipated. Order reversed insofar as appealed from, on the law, without costs or disbursements, the cross motion is granted, insofar as plaintiff seeks to recover for past medical expenses incurred on behalf of the children, the plaintiff's motion is denied, and the matter is otherwise remitted to Special Term for further proceedings in accordance herewith. Insofar as Special Term determined

that defendant may be required to assume the financial responsibility of furnishing for the parties' younger son an education at a specialized private school, we agree. It is the settled rule that in the absence of a voluntary assumption of such responsibility, a father is not obliged to provide a private school education for his child unless there exist "special circumstances" *(Di Martino v Di Martino,* 71 AD2d 601; *Baiamonte v Baiamonte,* 67 AD2d 992; *Wagner v Wagner,* 51 Misc 2d 574, affd 28 AD2d 828, mot for lv to app dsmd 20 NY2d 803). Here there is ample evidence to support the conclusion that enrollment of the child in a specialized private school is medically necessary. Among other psychological problems, he suffers from dyslexia and minimal brain dysfunction; he was also diagnosed, at an early age, as being hyperkinetic. Though the public school system may provide some of the specialized attention which the child needs, his best interests would be served by his attendance at a private school. Defendant should not be held responsible for past medical expenses incurred by plaintiff on behalf of the parties' infant children. This result obtains where, as here, the divorce decree does not provide for such responsibility. Accordingly, defendant's financial obligation is limited by the terms of the divorce decree until modified by the court (see *Horne v Horne,* 22 NY2d 219; *McManus v McManus,* 39 AD2d 775). At the time of the hearing herein, the parties' older son was 20½ years of age. According to plaintiff's testimony, he was employed for approximately 18 weeks prior to the hearing. While not a full-time employee, he averaged approximately 30 hours per week. He earned $159 per week and expected a raise to $200 per week within the month. In view of this testimony, it cannot be argued that this child was neither employed nor earned an amount sufficient to be self-supporting. Accordingly, he has become emancipated thus relieving defendant from providing for his continued support (see *Schubert v Schubert,* 46 AD2d 667; *Peters v Peters,* 14 AD2d 778; 11B Zett-Edmonds-Schwartz, NY Civ Prac, § 41.03, subd [2], par [a], cl [v], pp 41-64). Insofar as there is insufficient proof in the record as to the need for psychotherapy for the younger son in addition to that which he will receive at the private school, Special Term's direction that defendant pay $400 per month for said treatment cannot be sustained. Moreover, assuming, *arguendo,* that the need for psychotherapy has been established, the record is also deficient as to the extent to which it may be necessary and the costs therefor. Finally, it should be noted that the financial condition of the wife should be considered in allocating the responsibility for the support of children (see *Matter of Boden v Boden,* 42 NY2d 210; *Berzins v Berzins,* 64 AD2d 881; *Matter of Carter v Carter,* 58 AD2d 438). Accordingly, the child support herein, which includes the private school education and costs of psychotherapy (if necessary), must be allocated between plaintiff and defendant in accordance with their respective means. Damiani, J. P., Titone, Gibbons and O'Connor, JJ., concur.