OPINION OF THE COURT
John S. Lockman, J.
Motion by defendant for an order staying further proceedings pending completion of disclosure and compelling such disclosure and cross motion by plaintiff for court-ordered examinations before trial are disposed of as set forth below.
The record before this court does not reveal when the judgment of divorce was entered. In any event, by order dated May 27,1980, Justice Roncallo granted a modification and the defendant appealed. By order dated October 28, 1980, the Appellate Division, Second Department, reversed the portion of Justice Roncallo’s order which directed the defendant to pay additional child support in the amount of $400 per month to provide a private school education and psychotherapy for the parties’ youngest son and remanded the matter for a determination as to the need for psychotherapy, its reasonable cost and how the burden should be allocated between the parties. (Benson v Benson, 79 AD2d 694.) Specifically, the Appellate Division directed, “the child support herein, which includes the private school education and costs of psychotherapy (if necessary), must be allocated between plaintiff and defendant in accordance with their respective means.” (Benson v Benson, supra, p 695.)
*893 Since both parties seek court-ordered examinations before trial, those portions of the applications may be easily decided. All parties are directed to appear for examination at a mutually agreeable time and place. The order of examination is to be determined by the chronological order in which the notices to examine were served. In the event that no agreement is reached within 60 days from the date of entry of this order, either party may apply to the court to fix the time and place of examination.
A more troublesome issue is the defendant’s application for an order directing plaintiff to disclose the joint tax returns filed by herself and her present husband. Plaintiff asserts that her present husband will not consent to such disclosure and has produced only the couple’s New York State return filed in the manner of married persons filing separately on one return. The column in which her present husband’s tax figures would appear has been blotted out.
Tax returns are not normally discoverable unless there is a showing of strong necessity. (Mamunes v Szczepanski, 70 AD2d 684.) However, “In all matrimonial actions * * * in which alimony, maintenance or support is in issue *** there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered.” (Domestic Relations Law, § 236, Part B, subd 4.) The policy of liberal disclosure as to finances extends only to facts which will be at issue at trial. Thus, in Gold v Gold (96 Misc 2d 481, 484), the court held, “Unless the parents cannot fully support their children, the children’s assets may not be considered by the trial court in determining child support. It follows that *** disclosure of the children’s income and assets may not be compelled.”
Under the Appellate Division’s order, the plaintiff’s means will clearly be an issue at the hearing. Her financial disclosure form reflects no cash assets, a checking account balance of $675 and no income. Nevertheless, she has $24,000 in stock, drives an expensive though not new vehicle and lives in a $200,000 residence. These facts are hardly enlightening as to her financial means and given the latitude permitted married taxpayers filing separately on one return under New York tax law, one column on such *894 a return adds little. Moreover, given the new “equitable distribution” statute (Domestic Relations Law, § 236), the court is entitled to consider a spouse’s equitable, if inchoate, interest in property and income acquired during marriage. (Matter of Felisa L. v Allen M., 107 Misc 2d 217.) The plaintiff and her present husband have elected to avail themselves of the benefits of filing joint tax returns. They cannot thereby prevent disclosure, but must share the burden of the policy favoring liberal financial disclosure in matrimonial actions. (See Angelo v Angelo, 74 AD2d 327, 331.)
Plaintiff is directed to make copies of the 1979 and 1980 joint tax returns available to defendant within 20 days from the date of entry of this order. In the event that the 1980 return is still unavailable, plaintiff is to make available relevant financial records from which such return is to be prepared.