■ BARBARA A. GRILLO, Appellant, v FRANKLIN C. GRILLO, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff wife appeals from so much of a judgment of divorce which directed her to (1) pay all medical expenses of the two children of the marriage, (2) transfer her title and interest in a 1978 Monza automobile to defendant husband, and (3) pay her own legal expenses. She also questions the sufficiency of the child support award which was fixed in the amount of $90 per week payable by defendant husband. We hold that the child support award is apportioned in accordance with the respective means and responsibilities of both parties (see *Kapuscinski v Kapuscinski,* 75 AD2d 576; *Krok v Krok,* 75 AD2d 865; see, also, *Berzins v Berzins,* 64 AD2d 881; *Morrow v Morrow,* 62 AD2d 1142). However, the court's failure to order the defendant to continue to provide Blue Cross and Blue Shield coverage for the children and to share in the uninsured medical and

dental needs of the children was improvident. We note that the defendant has provided family medical insurance in the past through an apparently minimal payroll deduction and plaintiff does not have such coverage. Also, based upon the circumstances of the parties, he should be responsible for one half of any future reasonable and documented uninsured medical and dental expenses of the children. Further, the record presents no issue regarding title to the automobile. The affidavit of financial worth of both parties lists the Monza as being owned by plaintiff and the ownership of the car was not addressed in the pleadings. Section 234 of the Domestic Relations Law does not empower the court to order transfer of title of the property from one party to the other (see *Dolphus v Dolphus,* 39 AD2d 829, 830). Under the circumstances here the court erred in ordering plaintiff to transfer title of the automobile to the defendant (*Baum v Baum,* 72 AD2d 781; see, also, *Taylor v Taylor,* 62 AD2d 944, 945; *Scott v Scott,* 55 AD2d 674, app dsmd 41 NY2d 954; *McGuigan v McGuigan,* 46 AD2d 665). Finally, the record demonstrates that the court did not abuse its discretion in declining to award counsel fees to plaintiff (see *Kann v Kann,* 38 AD2d 545). (Appeal from judgment of Supreme Court, Monroe County, Patlow, J. — divorce.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.