■ In the Matter of DEBORAH LADNER, Respondent, v DAVID IARUSSI, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, the appeal, as limited by the father's brief, is from so much of an order of the Family Court, Kings County (Huttner, J.), dated November 12, 1981, as, after a hearing upon the mother's application for, *inter alia,* an upward modification of an existing order of child support, granted that branch of her application to the extent of directing that the father pay her $50 per week for the support of the child. Order reversed, insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for prompt further proceedings consistent herewith. The father is directed to continue paying $38 per month to the mother on account of the child's support in accordance with the prior order of support of the Family Court, Kings County, dated February 28, 1978, as continued by the provisions of a judgment of divorce of the Supreme Court, Kings County, dated November 16, 1978. The order appealed from is predicated mainly upon the assertions and demand of the petitioner mother. The record is bereft of any proof indicating the child's needs, which proof should have been offered in the first instance by petitioner (see *Matter of Barry v Barry,* 32 AD2d 540, 541). Moreover, the record demonstrates that the Family Court included the cost of the infant's private school tuition in its determination of the amount of support to be awarded. Such inclusion was improper upon the proof submitted. It is well established that absent proof of special circumstances which warrant enrollment of an infant in private school, "the father should not be compelled, over his objection to pay for private schooling where 'the community makes available to children through the public school system the education which each child is entitled to as a matter of course'" (*Gartin v Gartin,* 64 AD2d 600; *Matter of Habas v Habas,* 56 AD2d 747; see *Baiamonte v Baiamonte,* 67 AD2d 992; *Krok v Krok,* 75 AD2d 865; cf. *Matter of Kotkin v Kerner,* 29 AD2d 367). Assuming that the father initially consented orally to enrollment, such consent may not be considered as continuing in view of the instant appeal (see *Matter of Habas v Habas, supra,* pp 747-748). Accordingly, a new hearing is required at which time the court should consider, *inter alia,* proof as to the respective circumstances of the parties and the child's needs (see, e.g., discussion by Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, 1976-1982 Supp Pamph, Family Ct Act, § 451). We additionally note that the court should have set forth the facts essential to its determination (see *Matter of Nowacki v Nowacki,* 90 AD2d 795; *Matter of Maneri v Maneri,* 54 AD2d 716; CPLR 4213, subd [b]; Family Ct Act, § 165). Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.