■ JEANETTE VALENTE, Respondent-Appellant, v FRANK VALENTE, Appellant-Respondent.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Buell, J.), dated March 14, 1984, as set his child support obligation at $200 per week, plus two thirds of the children's parochial school tuition not to exceed $2,000 per year, and awarded plaintiff the sum of $7,153.70 for her attorney and expert fees, and the plaintiff wife cross-appeals, as limited by her brief, on the ground of inadequacy, from so much of the same judgment as awarded her a sum of money for her attorney and expert fees.

Judgment affirmed, insofar as appealed from, with costs to plaintiff.

A review of the record reveals that the trial court properly exercised its discretion in awarding the sum of $200 per week as child support (Domestic Relations Law §§ 240, 236 [B] [7]). Nor was it an abuse of discretion, under the facts of this case, to require defendant to contribute towards the parochial school education of the parties' children (see, e.g., Prospero v Prospero, 39 AD2d 634). Ordinarily, a parent " 'should not be compelled, over his [or her] objection to pay for private schooling where "the community makes available to children through the public school system the education which each child is entitled to as a matter of course" ' " (Matter of Ladner v Iarussi, 92 AD2d 895, quoting from Gartin v Gartin, 64 AD2d 600). Yet tuition has been awarded, when practical, where it was warranted by the educational background of the parents and history of the child (see, e.g., Kaplan v Wallshein, 57 AD2d 828) or special needs or circumstances of the child (see, e.g., Benson v Benson, 79 AD2d 694). Here, the court properly found that religious values and education were an integral part of the family life-style and value structure. Furthermore, the children, who are already in their mid-teens, have been in parochial school since kindergarten. Therefore, it is in the best interests of the children that their school and social lives not be disrupted at this juncture. The

parties' finances indicate an ability to afford the costs of tuition.

We have examined both parties' contentions on the issue of the attorney and expert fee award and find them to be without merit. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.