■ RUTHANN SASSANO, Appellant, v MICHAEL J. SASSANO, Respondent.—In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Nassau County, entered August 12, 1985, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the same court (Modugno, J.H.O.), entered May 19, 1986, as determined the financial issues.

Ordered that the judgment is modified, on the law and the facts and in the exercise of discretion, by (1) deleting from the fourth decretal paragraph the words "eighteen (18)" and substituting therefor the words "twenty-one (21)", (2) adding a provision directing the defendant to pay one half of the cost of medical, dental and hospitalization insurance for the parties' children until they attain the age of 21 or are sooner emancipated, (3) adding a provision awarding use and title of the parties' 1971 Chevrolet automobile to the plaintiff, and (4) adding a provision awarding the plaintiff a portion of the defendant's pension; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination as to (a) the value of the defendant's pension, (b) the percentage to be awarded to each party, and (c) the means of distribution of the pension.

The parties herein were married on March 16, 1974. A daughter was born in March 1976 and a son was born in September 1978. On August 12, 1985, the parties were granted a mutual judgment of divorce on the grounds of cruel and inhuman treatment. The matter was then referred to a Judicial Hearing Officer for a hearing and determination with respect to the issues of, *inter alia,* maintenance, child support and equitable distribution of the marital property. Involved in this appeal are various branches of the ensuing judgment which determined those financial issues.

According to the record, the defendant husband became a civilian employee of the New York City Police Department in 1973. In 1978, he obtained employment as a correction officer. However, in June 1985 the defendant was assaulted by an inmate and has since been on disability, at full base pay.

Turning first to the issue of the defendant's pension, we find that the evidence adduced at the hearing failed to resolve the critical question of when the defendant's pension will become due and payable. In addition thereto, the City of New York failed to comply with judicial subpoenas requiring the production of information regarding the value of the pension. The record further reveals that a substantial discrepancy existed between the defendant and two of his witnesses as to the length and proportionate value of the pension. Although the plaintiff did offer the testimony of an expert witness as to the value of the pension, this testimony was ultimately stricken since it was based upon what was deemed to be inaccurate information.

The judgment appealed from did not award the plaintiff any

portion of the defendant's pension. This was error. It is well settled that pension benefits which accrue during the marriage constitute marital property which must be equitably distributed upon divorce *(see, Majauskas v Majauskas,* 61 NY2d 481; *Damiano v Damiano,* 94 AD2d 132). However, since the record contains insufficient information on the pension issue and is otherwise replete with discrepancies and inaccuracies, the matter must be remitted to the Supreme Court, Nassau County, so that a determination may be made regarding the value of the defendant's pension, the percentage to be awarded to each party, and the means by which the pension should be distributed. The trial court should, upon remittal, consider the several factors enumerated in Domestic Relations Law § 236 (B) (5) (d), including the value of the plaintiff's contributions as a homemaker, in determining the appropriate distribution of this marital asset *(see, Morton v Morton,* 130 AD2d 558, 560).

With reference to the remaining financial issues, we initially observe that in a prior appeal involving these litigants, this court ordered the defendant to maintain medical, dental and hospitalization insurance for the plaintiff and the children on a pendente lite basis *(see, Sassano v Sassano,* 112 AD2d 1034). The judgment appealed from, however, contains no provision regarding insurance or who should bear the responsibility for the costs thereof. While it appears that the defendant is financially able to provide for insurance, the plaintiff is, nevertheless, quite capable of obtaining employment and contributing to the costs of insurance. Under the circumstances, we conclude that the parties should be responsible for the insurance for their children on an equal basis *(see, Blackman v Blackman,* 131 AD2d 801). Similarly, they should be equally responsible for any documented unreimbursable expenses *(see, Grillo v Grillo,* 86 AD2d 965).

We further find that the Judicial Hearing Officer erred in ordering that the awards of child support terminate when the children attain the age of 18. Pursuant to Domestic Relations Law § 32 (3) and Family Court Act § 413, a parent is obligated to support his or her children, according to the needs of the children and the means of the parent, until the child attains the age of 21 or is sooner emancipated. Therefore, the judgment must be modified to reflect this statutory requirement *(see, Matter of Kilcher v Knoll,* 112 AD2d 670; *Fersko v Fersko,* 76 AD2d 854). In light of the defendant's financial circumstances, we find that the award of $50 per week per child was adequate and need not be disturbed.

The plaintiff additionally challenges the one-year limit on her maintenance award. She also asserts that the defendant should have been required to maintain health and dental insurance for her benefit. We disagree. Based upon the plaintiff's age, earning potential and her training as a beautician, cosmetologist and secretary, we conclude that it was not an abuse of discretion to limit the maintenance award to a period of one year. For similar reasons we find that it was not unreasonable to require the plaintiff to make provisions for her own insurance coverage.

The denial of the plaintiff's request for counsel fees was proper since her trial counsel's affirmation of services was inadequate as a matter of law (see, Baecher v Baecher, 80 AD2d 629, appeal dismissed 53 NY2d 605, 937).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Balletta, JJ., concur.