■ DALE E. ELLISON, Appellant, v STANLEY ELLISON, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated January 28, 1987, as denied that branch of her motion which was for temporary maintenance and child support and interim counsel fees and which granted the defendant husband's cross motion for an order directing her to pay one half the carrying charges on the marital residence.

Ordered that the order is modified, by deleting the provision thereof granting the husband's cross motion in its entirety and substituting therefor a provision granting the cross motion only to the extent of directing the wife to pay to the husband the sum of $250 per month, retroactive to the date the husband served his notice of cross motion, to be used by him toward payment of the carrying charges on the marital residence; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties to this divorce action continue to reside in the same household with their two children, both of whom are now over the age of 18. Neither party enjoys substantial income, but the record establishes that the husband's monthly gross income exceeds that of the wife by approximately $700.

Since there is no indication that the needs of the children are not being met by both parties, and since the wife's income is adequate to meet her own needs, we decline to disturb that portion of the Supreme Court's order which denied her application for temporary maintenance and child support. Moreover, although there is a difference in the parties' incomes, the denial of the wife's application for counsel fees did not constitute an improvident exercise of discretion *(see, Berzins v Berzins,* 64 AD2d 881). However, we modify that portion of the order which directed the wife to bear one half the cost of the carrying charges on the marital residence to more accurately reflect the parties' respective financial conditions *(see, Crowley v Crowley,* 120 AD2d 559; *Rosenthal v Rosenthal,* 118 AD2d

845). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.