■ In the Matter of CAROL V. WIKOFF, Also Known as CAROL V. WHITNEY, Respondent, v WADE H. WHITNEY, Appellant.—Levine, J.

Petitioner and respondent are the parents of a child born on December 7, 1971. In 1973 the parties were divorced and, in December 1976, a Family Court order was entered directing respondent to pay $40 per week in child support. Subsequently, in January 1990, petitioner commenced the instant proceeding seeking an upward modification of respondent's child support obligation on the grounds that both the cost of

living and respondent's income had increased since the entry of the prior order. Respondent cross-petitioned to terminate his support obligation on the ground that the parties' daughter abandoned him.

Following a hearing, the Hearing Examiner found, *inter alia,* that although respondent had an increased ability to pay support and it was "reasonable to conclude that the needs of the child * * * [had] increased", petitioner failed to make a "specific showing as to exactly what needs, other than continuing [the child's] education at [a private] [c]ollege, had increased". Based on the foregoing, the Hearing Examiner dismissed the petition. Respondent's cross petition to terminate his support obligation was likewise dismissed. Both parties filed objections to the Hearing Examiner's order. Family Court denied respondent's objections, but partially granted petitioner's objections to the extent that it ordered an increase in support on the basis of changed circumstances. The matter was then remanded for application of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]). This appeal by respondent followed.

Initially, we note that although Family Court stated in its decision and order that the Hearing Examiner found that both respondent's income and the needs of the parties' child had increased since the prior order, a close reading of the Hearing Examiner's findings of fact indicates that he actually concluded that petitioner did not effectively demonstrate that the child's needs had increased and, therefore, that a change of circumstances had occurred. This finding is fully supported by the record, as the sole evidence regarding the child's increased needs was petitioner's conclusory testimony that the child's needs had increased since 1973 and that "the amount of child support is inadequate for [the child's] needs". Accordingly, we agree with respondent that Family Court's order must be modified. However, in view of respondent's admitted increase in income in the 14 years since the entry of the prior support order and the young age of the parties' child at the time of such order, the matter should be remitted to Family Court to afford petitioner an opportunity to submit proof regarding the claimed increased cost of living and the extent to which such increase has affected the child's expenses (see, *Matter of Ladner v Iarussi,* 92 AD2d 895; see also, *Matter of Brescia v Fitts,* 56 NY2d 132, 141; *Matter of Covington v Clavin,* 70 AD2d 592).

As a final matter, we reject respondent's contention that his daughter abandoned him, thereby forfeiting her right to sup-

port. A 1982 order of Family Court enabled respondent's daughter to visit him "whenever and under such circumstances as she may desire". Moreover, there is nothing in the record to indicate that respondent made any serious efforts since 1982 to establish contact with his daughter. Under these circumstances, respondent's claim of abandonment is unavailing (cf., Cohen v Schnepf, 94 AD2d 783, 784).

Mikoll, Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application; matter remitted to the Family Court of Essex County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.