◼ In the Matter of NANCY K. RUCKS, Respondent, v TIMOTHY NUGENT, Appellant. [594 NYS2d 379] —Weiss, P. J. Appeals (1) from an order of the Family Court of Albany County (Tobin, J.), entered October 22, 1991, which, *inter alia,* partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to contribute to the private school tuition of the parties' child, and (2) from an order of said court, entered February 4, 1992, which granted said application and directed respondent to pay one half of the private school tuition of the parties' child.

On June 26, 1987 the parties executed a written separation agreement in which, *inter alia,* they agreed to "joint custody for all legal concerns including but not limited to equal say in the education" of Brendan, the sole child of the marriage born July 3, 1985. Physical custody was given to respondent with visitation rights to petitioner. Subsequently by stipulation in 1989, physical custody was divided equally. The parties were divorced on November 16, 1989. In 1990, when Brendan became of age, respondent registered him in Castleton Elementary School in the Schodack Central School District in Rensselaer County. Several months later petitioner registered

Brendan in Doane Stuart School, a private school in Albany County. The dispute over schooling resulted in cross petitions for custody and child support by each party focusing upon enrollment in the school of their selection without the consent of the other. Ultimately respondent consented to an oral stipulation on the record on January 22, 1991 which provided, *inter alia,* for modification of physical custody and stated in relevant part: "The parties also agree that Brendan will continue to be enrolled at the Doane Stuart School. They indicate that the issue of Brendan's tuition payment is to be resolved hopefully by agreement between the two of them but certainly this is without prejudice to either of their rights to petition the Court with respect to that issue." Family Court issued an order dated April 22, 1991 embodying the agreed terms and conditions.

Thereafter, on April 25, 1991, petitioner commenced this proceeding seeking an order compelling respondent to contribute to the tuition costs. After a hearing, the Hearing Examiner directed respondent to pay one half of the private school tuition up to a maximum of $1,000 per school year. Petitioner filed objections challenging the limitation as inadequate, in response to which respondent filed cross objections arguing that the determination was an abuse of discretion in the absence of proof of special circumstances justifying the requirement that he pay the costs of private schooling. Family Court, in an October 22, 1991 order, relied upon the earlier in-court stipulation and denied respondent's cross objections, remitting the matter to the Hearing Examiner for clarification of the $1,000 limitation on respondent's share of the tuition. In amended findings of fact and conclusions of law, the Hearing Examiner found the annual tuition costs to be approximately $4,000 but nevertheless continued the previous limitation of $1,000 annually. In a February 4, 1992 order, Family Court sustained petitioner's objections "to the extent that respondent shall pay one half the child's educational expenses". Respondent has appealed from both the orders of October 22, 1991 and February 4, 1992, contending that it was error to require contribution to private educational expenses in the absence of a showing of special circumstances.

It is well settled that absent a voluntary agreement between the parties regarding the financing of a child's private school education, a parent may not be directed to contribute toward such expense unless special circumstances exist *(Matter of Howard v Howard,* 186 AD2d 132; *Cooper v Farrell,* 170 AD2d 571). Not only do the circumstances of respondent's consent to

Brendan's continued attendance at the private school fail to evidence a voluntary assumption of the financial responsibility associated with attendance *(see, Benson v Benson,* 79 AD2d 694, 695), but here the stipulation specifically expressed nonassumption. Family Court found there was no agreement to pay. Lacking such agreement to meet private schooling expenses, the burden fell upon petitioner to establish special circumstances which would justify the imposition of such an obligation *(see, Matter of Howard v Howard, supra; see also, Matter of Ladner v Iarussi,* 92 AD2d 895; *Matter of Habas v Habas,* 56 AD2d 747, 748, *appeal dismissed* 42 NY2d 823). No special circumstances have been established. Both parties live in communities with available public school systems to which the child is entitled as a matter of course *(see, Keehn v Keehn,* 137 AD2d 493, 497; *Valente v Valente,* 114 AD2d 951; *Matter of Habas v Habas, supra,* at 748). Petitioner has failed to demonstrate any inadequacies in the two school districts available to Brendan and both districts were found to be highly rated. The record fails to support special educational needs or requirements of Brendan relating to existing problems, gifted talents and academic abilities which should be explored or emphasized, or circumstances such as religious background suggestive of special attention. In sum, the record is devoid of special circumstances warranting court direction for the payment of the private school tuition. Accordingly, Family Court erred in finding that respondent had an obligation to contribute to private schooling for Brendan.

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the orders are reversed, on the law and the facts, without costs, and petition dismissed.