■ In the Matter of DEBRA M. KOHL, Appellant, v JAMES S. BARNES, Respondent. [619 NYS2d 915] —Order unanimously

reversed on the law without costs, objections sustained, order of Hearing Examiner vacated, petition reinstated and matter remitted to Chautauqua County Family Court for further proceedings in accordance with the following Memorandum: A separation agreement was executed by the parties on February 24, 1982, and they were divorced by judgment entered March 29, 1992. The present petitioner, Debra M. Kohl, was given custody of the parties' two children. Subsequently, there was a modification of the agreement with respect to child support. Petitioner commenced this proceeding for an upward modification of child support and, after a hearing, the Hearing Examiner dismissed the petition. Petitioner now appeals from the order of Family Court denying her objections to the decision and order of the Hearing Examiner and confirming that order.

The Hearing Examiner erred in bifurcating the hearing, thereby precluding petitioner from presenting evidence that, as a result of the termination of visitation by respondent, James S. Barnes, there was an unanticipated change in circumstances (see, Matter of Boden v Boden, 42 NY2d 210), and that such termination resulted in petitioner's inability to provide adequate support for the children (see, Matter of Brescia v Fitts, 56 NY2d 132). Petitioner contends that respondent's termination of visitation caused her to incur the substantial, unanticipated expense of providing additional food for the children, and that she could not afford to provide the cultural, educational and recreational activities formerly provided by respondent. Although section 439 (c) of the Family Court Act prohibits visitation issues from being heard by a Hearing Examiner, that prohibition does not preclude a Hearing Examiner from determining the financial effect of the discontinuance of visitation in a support proceeding. Such evidence would have special significance in light of the fact that petitioner is no longer employed. We, therefore, remit the matter to Family Court for a new hearing (see, Matter of Covington v Clavin, 70 AD2d 592).

Because this matter is being remitted, we note that the "additional activities of growing children" (Matter of Brescia v Fitts, supra, at 141) are a relevant consideration in a proceeding to modify child support. Therefore, testimony concerning the clothing needs of the children, as well as their inability to continue former activities, such as taking tennis lessons and outside educational courses, are a proper subject of inquiry.

Evidence of the lifestyle that respondent had provided for the children is relevant in determining whether there should be a modification of child support *(see, Matter of Brescia v Fitts, supra).*

We further note that the issue whether petitioner voluntarily reduced her income requires that she be permitted to introduce evidence with respect to the reason for leaving her last employment. The fact that she was awarded unemployment compensation has a direct bearing on that issue. (Appeal from Order of Chautauqua County Family Court, Adams, J.— Child Support.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.