■ In the Matter of TIMOTHY NUGENT, Appellant, v NANCY K. RUCKS, Respondent. [643 NYS2d 714] —Yesawich Jr., J.

The parties to this proceeding were married in August 1979 and divorced in November 1989. The judgment of divorce incorporated, but did not merge, a separation agreement executed in June 1987 which provided, *inter alia*, that the parties share "joint custody for all legal concerns including but not limited to equal say in the education" of Brendan, born in 1985, the sole issue of the marriage. By subsequent agreement the parties agreed to divide physical custody of the child equally. Thereafter, in 1990, respondent enrolled the child in Doane Stuart School, a private school in Albany County. Although petitioner initially wanted the child to be enrolled in a public school, he ultimately agreed that the boy's attendance at private school could continue.

In April 1991, respondent commenced a proceeding seeking to compel petitioner to contribute to the tuition costs. Although petitioner was eventually ordered to do so, following a hearing, this Court reversed, finding that there was no voluntary agreement between the parties to apportion private schooling expenses, and that no special circumstances had been established which would justify the imposition of such an obligation (*Matter of Rucks v Nugent*, 191 AD2d 786). Subsequently, respondent continued the child's enrollment in the private school and paid for most of the costs of such attendance through the academic year ending in June 1994. In September 1994, respondent decided to discontinue the child's enrollment in the Doane Stuart School. Petitioner immediately reenrolled the child in that school, temporarily assuming all tuition obligations, and the parties thereafter stipulated that Brendan would continue at Doane Stuart with the apportionment of tuition to be decided by the Hearing Examiner. Petitioner then commenced this proceeding seeking contribution from respondent. Insofar as relevant here, Family Court denied that petition, and a

later amended petition seeking the same relief, without a hearing. Petitioner now appeals these denials.

Petitioner contends that Family Court erred in determining, without a hearing, that there were no "special circumstances" justifying an order directing respondent to contribute to Brendan's private school expenses. We agree. Petitioner alleged, in his initial petition, that respondent's removal of Brendan from the private school after the child had spent several years there "caused much anxiety and disruption to Brendan who had come to rely on his continued enrollment at Doane Stuart". While Family Court may be correct in its holding that "[t]he length of a child's attendance at a particular school does not constitute a special circumstance" (*but see, Valente v Valente*, 114 AD2d 951), petitioner not only avers that Brendan has attended the school for several years, but also that his withdrawal therefrom would cause the child to suffer negative effects. If this allegation is proven, it could constitute a special circumstance, in the nature of a "special educational need[ ] or requirement[ ]" (*Matter of Rucks v Nugent, supra*, at 788), not present at the time of our earlier decision. A hearing was therefore warranted (*see, Matter of Cassano v Cassano*, 203 AD2d 563, 564, *affd* 85 NY2d 649).

Crew III, J. P., White and Peters, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.