■ SOPHIA TSAVARIS, Respondent, v NIKITAS TSAVARIS, Appellant.— Motion by appellant for clarification of the decision of this court rendered June 9, 1975 (Tsavaris v Tsavaris, 48 AD2d 870), upon an appeal from a judgment. After the return of this motion, and on October 1, 1975, the respective counsel for the parties had further argument of the appeal before this court. Now, upon this motion, said decision and the order entered thereon on June 9, 1975 are vacated and the following substituted decision is rendered: In an action in which the plaintiff wife was granted a judgment of divorce by the Supreme Court, Queens County, dated January 9, 1975, defendant appeals, as limited by his brief, from so much of the judgment as (1) directed defendant to pay $15,000 to plaintiff and (2) awarded plaintiff alimony, child support, a counsel fee and exclusive occupancy of the marital apartment. Judgment modified, on the law and the facts and in the exercise of discretion, by (1) deleting therefrom the direction that defendant pay $15,000 to plaintiff, (2) reducing the award of alimony from $35 per week to $15 per week, the award of child support for the parties' two infant sons from $75 per week to $10 per week and the award of a counsel fee from $2,500 to $1,250, (3) deleting therefrom the award to plaintiff of exclusive occupancy of the marital residence and substituting therefor a provision that defendant shall pay plaintiff $190 per month, additionally, to be used to provide housing for plaintiff and the children of the marriage, and (4) adding thereto a provision that the alimony and child support payments shall be made independently of Social Security payments earmarked for plaintiff and the children and that $1,025 of the counsel fee payment shall be returned to plaintiff as reimbursement of such amount previously paid by her to her counsel. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, and particularly in view of the serious and permanent disability of defendant, the awards of alimony and child support were excessive to the extent indicated herein. Further, the counsel fee award was excessive to the extent indicated herein. The award herein of $190 per month for housing is an adequate and proper substitute for the award to plaintiff of exclusive occupancy of the marital residence. There was no warrant for the direction that defendant pay plaintiff any part (the $15,000) of the net proceeds awarded to defendant for the injuries suffered by him in his disabling accident. Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.