Memorandum. Order of the Appellate Division affirmed, without costs, on the memorandum at the Appellate Division with the following added comment: Concerning the joint bank account and its aftermath the record was sparse, much too sparse. The trial court, although it made formal findings of fact, made none with respect to the bank account. The only clear fact established in the evidence was the opening of the account with the proceeds of an accident injury award. It was as a result of that accident that the husband has been, concededly, rendered totally disabled and is living on Social Security benefits. Indeed, the support for the wife and the minor children of the marriage derives from similar Social *972 Security benefits. There was no positive evidence, as distinguished from negative inference, that the funds, once in the joint account, are still in existence, except as to the sums deposited in accounts for the benefit of the children. This matrimonial action, uncluttered by unconnected causes of action related to property or conversion of moneys, is distinguishable from a plenary action to recover on theory of a joint account gift. Hence, there was no warrant, as the Appellate Division held, on the evidence in this all but perfunctory record, to direct a transfer of existing assets to the wife or to establish title to property (Domestic Relations Law, § 234; cf. Panetta v Panetta, 35 AD2d 967).