In an action for divorce, (1) defendant appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Orange County, entered November 19, 1975, as, after a nonjury trial, granted plaintiff a divorce and awarded her "ownership, possession and control” of "the personal property belonging to the parties jointly”, including "the stock of antiques from the business formerly known as Scott Antiques,” and (2) plaintiff cross-appeals, on the ground of inadequacy, from so much of the said judgment as awarded her alimony, child *675 support and a counsel fee. Judgment modified, on the law and the facts, by (1) deleting from the second line of the sixth decretal paragraph thereof the words "shall be the property of the Plaintiff” and substituting therefor the words "shall be placed in the exclusive possession of the plaintiff”, and (2) deleting from the third line of the sixth decretal paragraph thereof the word "ownership”. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The trial court found that the parties’ "sole asset consists of a stock of antiques in their discontinued store.” The court then entered a judgment, the sixth decretal paragraph of which provides: "ordered, adjudged and decreed that the personal property belonging to the parties jointly shall be the property of the Plaintiff who shall have ownership, possession and control thereof; and shall be entitled to such remedies as may be necessary to reduce the same to possession”. The court further directed defendant to meet with plaintiff and to make available for delivery to her, inter alia, "the stock of antiques from the business formerly known as Scott’s Antiques”. In our opinion, however, on the pleadings and evidence before the trial court in this divorce action, there was no basis or authority for awarding to plaintiff sole ownership of the antiques (see Domestic Relations Law, § 234; Tsavaris v Tsavaris, 40 NY2d 970; Dolphus v Dolphus, 39 AD2d 829; McGuigan v McGuigan, 46 AD2d 665). We note also that, after entry of the judgment and while these appeals were pending, plaintiff herself, at Special Term and then in this court, moved to have the word "ownership” deleted from the decretal provision awarding her "ownership, possession and control”. Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.