■ ANNE D. BOHUSH, Respondent, v ALEXANDER J. BOHUSH, Appellant. —Appeal from an order of the Family Court of Broome County, entered June 19, 1978, which directed appellant to make child support payments of $50 per week. Married in 1950, the parties herein have one child, a son born on December 7, 1960. In March of 1978 appellant left his wife and 17-year-old son and took up residence with a female companion. Shortly thereafter, by petition dated May 23, 1978, petitioner sought an order of support for herself and the parties' son in the Family Court of Broome County, and, following a hearing on June 19, 1978, the court ordered appellant to pay child support in the amount of $50 per week, with no support ordered for petitioner. This appeal ensued. Seeking a reversal of the Family Court's order, appellant presently contends that the ordered support payments of $50 per week are unfair and unreasonable and beyond his means and ability to pay. We agree. While in no way condoning appellant's conduct in leaving his wife and son, we nonetheless find, upon consideration of the entire record, that $50 weekly payments by appellant would be excessive and unwarranted. Apparently, both parties receive some monetary support from the persons with whom they reside, appellant from his companion and petitioner from her parents, and additionally, having been disabled by a heart attack and a ruptured esophagus, appellant also receives $92 weekly in Social Security disability income while his son receives $168.70 monthly

in Social Security payments based upon the father's disability. Under these circumstances, and particularly in view of appellant's disabled condition, we hold that the court abused its discretion in ordering the $50 weekly payments, i.e., over 50% of appellant's disability income, and conclude that the payments should be reduced to $25 per week (cf. *Matter of La Bate v La Bate,* 62 AD2d 1068; *Tsavaris v Tsavaris,* 50 AD2d 602, affd 40 NY2d 970). In so ruling, we further recognize that appellant has a retirement pension fund valued at $13,000, but in his present physical condition we find that he cannot reasonably be expected to invade the corpus thereof in order to make increased support payments (cf. *Berry v Berry,* 56 AD2d 522). Order modified, on the law and the facts, by reducing the award of child support to $25 per week, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.