■ In the Matter of LINDA F. FARLEY, Respondent, v RALPH D. FARLEY, Appellant.—Main, J. P. Appeal from an order of the Family Court of Clinton County (Goldman, J.), entered August 16, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, and directed respondent to pay $250 per week for, *inter alia,* support of his wife and two children.

In a separation agreement dated October 13, 1983, respondent agreed to pay $120 per week for the support of petitioner and a total of $130 per week for the support of his two children. Less than two months later, petitioner commenced the instant proceeding, alleging that respondent had failed to make the payments pursuant to the agreement. At the hearings that followed, it was revealed that, although he had enjoyed greater earnings in the past due to his working overtime, respondent, a prison correction officer, was no lon-

ger working overtime at his job and was, therefore, then earning a weekly net income of approximately $270, along with another $39 received as a result of his Army Reserve duty. It was noted by Family Court that respondent's weekly net pay would be somewhat higher if he had claimed all the Federal exemptions to which he was entitled. Family Court also pointed out that respondent was then living with a female companion whose income could also be considered available for respondent's needs. Petitioner, on the other hand, had been forced to curtail her employment as a hairdresser because of medical problems. As a result, petitioner, who had custody of the parties' children, had earned a net income of only $1,900 in 1983. By decision and order dated August 16, 1984, Family Court determined that respondent should pay $130 per week for the support of his children, $85 per week for the support of petitioner and $35 per week in arrears, for a total of $250 per week. In September 1984, respondent took the instant appeal from the August 16, 1984 order of Family Court and, after he learned that he would no longer be receiving his Army Reserve income because of his inability to pass a physical examination, also petitioned Family Court for a modification of the order. By order dated November 28, 1984, Family Court modified downward respondent's support obligation by $39, the amount he had been receiving weekly from the Army, to $211. No appeal was taken from this order.

A review of the record reveals that, at the time that he signed the separation agreement, thereby obligating himself to pay $250 per week in support, respondent had been working more overtime and, thus, had a larger income. In determining the amount of support to be awarded, Family Court was not, of course, bound by the terms of the separation agreement. Instead, the court was to look to the facts and circumstances of the case and determine the amount of support necessary (see, Matter of Boden v Boden, 42 NY2d 210, 212). As part of its consideration of the circumstances of the case, the court was bound to balance the needs of petitioner and the children and petitioner's ability to contribute to the support of herself and the children with respondent's current ability to pay (see, Muscarella v Muscarella, 93 AD2d 993, 994). Here, respondent's weekly net income was approximately $270, although it would have been higher had respondent claimed all the Federal exemptions to which he was legally entitled. While petitioner's income had been greatly diminished due to her medical problems, her own physician testified that the pain of

which she complained would diminish if only she would undertake more physical activity, such as her hairdressing duties. Additionally, while Family Court was free to consider the income of respondent's companion as a resource at least partially available to him *(see, Kay v Kay,* 37 NY2d 632, 636; *Vought v Vought,* 22 Misc 2d 356, 359; *see also,* 2 Foster and Freed, Law and the Family § 23:4, at 132), it should not have left him with virtually no net income independent of that received by his companion, who was under no legal duty to support him financially.

Under these circumstances, we determine that Family Court abused its discretion in ordering the $250 weekly payments, which amounted to approximately 80% of respondent's net income, and conclude that the payments should be reduced to $175 per week *(see, Bohush v Bohush,* 69 AD2d 974). That amount is to include $50 per week for each child, $50 per week for petitioner, and $25 per week toward arrears, the total amount of which is to be calculated by Family Court upon remittal. We reach this determination cognizant of the fact that respondent is no longer receiving an income from the Army Reserve, a change in circumstances which formed the basis of Family Court's November 28, 1984 order reducing respondent's support obligation, from which respondent took no appeal.

Order modified, on the law and the facts, without costs, by reducing respondent's weekly payments to $175 in accordance with the decision herein; matter remitted to the Family Court of Clinton County for further proceedings not inconsistent herewith; and, as so modified, affirmed. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.