OPINION OF THE COURT
Michael Gage, J.
Respondent filed an objection on February 28, 1991 to the *1011 order of the Hearing Examiner dated January 29, 1991. The objection was previously denied for failure of the respondent to provide a copy of the transcript of the proceedings. Having now done so, the respondent requests reconsideration of his objection. Respondent alleges that the Hearing Examiner erred in calculating the "resources available” to the child of the respondent’s present marriage and the resources available to the children who are subject to the instant action.
The court has reviewed the record, including the Hearing Examiner’s order, respondent’s objection and the transcript of the hearing. The court finds that the objection has merit.
In a six-page and apparently well-considered decision, the Hearing Examiner detailed his findings of fact and went on to a calculation of the resources available to the child of respondent’s present marriage and the resources available to the children who are subject to the instant action. The Hearing Examiner found that the resources available to the child of his present marriage was the amount of his adjusted gross income (gross income from respondent’s 1989 tax return less FICA and New York City income tax) less the self-support reserve and his child support obligation for the three children of the instant action. The Hearing Examiner then found that the resources available to the children of the instant action was the sum of the public assistance grant and the food stamp allowance made to the assignor. The Hearing Examiner noted that he was unable to find any cases that construed the term "resources” and therefore he essentially equated the respondent’s resources with respondent’s adjusted gross income as used for determining support pursuant to the guidelines. This court finds that the Hearing Examiner erred in deciding this case as he did for the reasons that follow.
The Child Support Standards Act (CSSA) amending Family Court Act § 413 attempted to address deficiencies in the then-present system "by adopting guidelines that permit judicial discretion, and establish minimum and meaningful standards of obligations that are based on the premise that both parents share the responsibilities for child support” (L 1989, ch 567, § 1). The Child Support Standards Act represents important public policy (Gelb v Brown, 163 AD2d 189 [1st Dept 1990]) and there is a presumption that the guidelines set forth therein are reasonable and appropriate (Matter of Steuben County Dept. of Social Servs. v James, 171 AD2d 1023 [4th Dept 1991]).
*1012 However, a court is free to disregard the statutory standards if it finds that the basic child support obligation is unjust or inappropriate (Family Ct Act § 413 [1] [f]).
In its entirety, Family Court Act § 413 (1) (f) provides:
"(f) The court shall calculate the basic child support obligation, and the non-custodial parent’s pro rata share of the basic child support obligation. Unless the court finds that the noncustodial parent’s pro rata share of the basic child support obligation is unjust or inappropriate, which finding shall be based upon consideration of the following factors:
"(1) The financial resources of the custodial and non-custodial parent, and those of the child;
"(2) The physical and emotional health of the child and his/ her special needs and aptitudes;
"(3) The standard of living the child would have enjoyed had the marriage or household not been dissolved;
"(4) The tax consequences to the parties;
"(5) The non-monetary contributions that the parents will make toward the care and well-being of the child;
"(6) The educational needs of either parent;
"(7) A determination that the gross income of one parent is substantially less than the other parent’s gross income;
"(8) The needs of the children of the non-custodial parent for whom the non-custodial parent is providing support who are not subject to the instant action and whose support has not been deducted from income pursuant to subclause (D) of clause (vii) of subparagraph five of paragraph (b) of this subdivision, and the financial resources of any person obligated to support such children, provided, however, that this factor may apply only if the resources available to support such children are less than the resources available to support the children who are subject to the instant action;
"(9) Provided that the child is not on public assistance (i) extraordinary expenses incurred by the non-custodial parent in exercising visitation, or (ii) expenses incurred by the noncustodial parent in extended visitation provided that the custodial parent’s expenses are substantially reduced as a result thereof; and
"(10) Any other factors the court determines are relevant in each case, the court shall order the non-custodial parent to pay his or her pro rata share of the basic child support obligation, and may order the non-custodial parent to pay an *1013 amount pursuant to paragraph (e) of this subdivision.” (Emphasis supplied.)
Section 413 in its present form contains two distinct statutory schemes. In most instances application of the basic child support obligation will be deemed just and appropriate and a noncustodial parent’s support payment will be calculated pursuant to the statutorily set percentages. But in those cases where the court finds it either unjust or inappropriate to use those specific percentages, it is free to disregard them and set the amount of support in the more traditional manner (see, 1 Callaghan’s Family Court Law and Practice in New York § 5:29.50 [1990]; 1 Tippens, New York Matrimonial Law and Practice §§ 5A:38, 5A:45 [1989]). However, consideration must be given to all the factors enumerated in subdivision (1) (f) as evidenced by the use of the word “and”. If consideration of one factor alone was a sufficient basis on which to ground an order that deviates from the guidelines, the Legislature would have chosen the word “or”. In further support of the proposition that all subdivision (1) (f) factors are to be considered is the fact that the first five factors were essentially the same factors as appeared in the pre-CSSA version of section 413. At the time the courts made awards of child support upon consideration of all factors enumerated therein (4 Foster, Freed and Brandes, Law and the Family New York § 2:8, at 446 [2d ed 1989]).
In addition, Family Court Act § 413 (1) (f) serves two purposes. First, as a threshold issue, a court can look to it in deciding whether, under circumstances of the case before it, it would be unjust or inappropriate to apply the guidelines. After so finding the court then would revert to the more traditional method of determining the award and use all the factors set forth in subdivision (1) (f) in calculating the award in an amount that is equitable under the circumstances.
Any concern that the courts will too frequently deviate from the guidelines is alleviated by section 413 (1) (g) which requires that in any situation where the court finds that the basic child support obligation would be unjust or inappropriate, it must set forth, in a written order, the factors it considered as dispositive in making an order outside the guidelines. It has been suggested that the requirement of a written order is a "device intentionally designed to deter the court from varying from the formula level of support” (4 Foster, Freed and Brandes, Law and the Family New York § 2:11, at 59 [2d ed 1991 Supp Pamph]).
*1014 The court next turns to the criteria to be used in determining whether the basic child support obligation would be unjust or inappropriate. The Hearing Examiner in this case focused on clause (8) of section 413 (1) (f), but stated that he could find no case law relative to "resources”.
This court finds that since the factors of section 413 (1) (f) are just an expansion of the pre-CSSA factors, any case law relative to pre-CSSA factors is now applicable to a situation where the court had determined to deviate from the guidelines and is instead making an equity-based award of child support.
The fact that "[t]he first five factors [of Family Ct Act § 413 (1) (f)] appeared in the former child support statutes are a further indication that pre-existing substantive child support case law remains applicable to child support proceedings and that recognized defenses to such an award will continue to be relevant to a determination as to whether an award is 'unjust or inappropriate’ ” (4 Foster, Freed and Brandes, Law and the Family New York § 2:12, at 78 [2d ed 1991 Supp Pamph]).
There is, therefore, a substantial body of law to be used in determining the resources available to custodial parents, noncustodial parents and the various children involved. (See, e.g., Kay v Kay, 37 NY2d 632 [nonincome producing assets]; Scheuer v Scheuer, 144 AD2d 225 [3d Dept 1988] [ability to withdraw income and principal from a trust]; Matter of Farley v Farley, 114 AD2d 703 [3d Dept 1985] [paramour’s resources]; Matter of Boden v Leccese, 83 AD2d 636 [2d Dept 1981] [custodial parent’s spouse’s income]; Matter of Felisa L. D. v Allen M., 107 Misc 2d 217 [Fam Ct, Bronx County 1980] [income of obligor’s spouse].) In any event, resources available are clearly not intended to be merely the adjusted gross income figure upon which the basic child support obligation is calculated. Therefore, it was clearly an error for the Hearing Examiner to use the respondent’s gross income as the figure upon which to compute what resources were then available to the child of respondent’s new family. The Hearing Examiner did, however, properly subtract the self-support reserve. This court finds that in either determining the financial resources of the custodial and noncustodial parent or the resources available to a child, that all calculations must be initiated from a figure that represents disposable income, which at the *1015 very least would be a party’s adjusted gross income for purposes of the basic child support obligation less any taxes.*
Now after examination and inquiry into the facts and circumstances of the case, it is hereby ordered that the matter is remanded to Hearing Examiner Ruben M. Garcia, Hearing Examiner ”11”, pursuant to Family Court Act § 439 (e) (i) for a fact-finding hearing on whether respondent’s basic child support obligation is unjust or inappropriate. If the Hearing Examiner makes such a finding, he is then directed to give consideration to all the factors enumerated in Family Court Act § 413 (1) (f) in awarding an amount that is just and appropriate under the circumstances.

 This court is mindful of its decision in Matter of Oscar R. (docket No. P 533/90), an unreported decision, and while it might appear that this decision is not in conformance therewith, it is noted that the issue of the starting point for a "resources available” calculation was not clearly presented in that case.